**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DIMITRI PATTERSON,**

    **Plaintiff,**

v.                                                        Case No:  6:18-cv-950-Orl-18GJK

**ORLANDO-ORANGE COUNTY,**
**MIAMI-DADE COUNTY, HILTON**
**WORLDWIDE HOLDINGS, INC.,**
**CORNITA RILEY, JEANETTE**
**BIGNEY, ALFREDO ZAMORA,**
**and OSCAR RODRIGUEZ-FONTS,**

    **Defendants.**

_____

**REPORT AND RECOMMENDATION**

    This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **DEFENDANT OSCAR RODRIGUEZ-FONTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE AND MEMORANDUM OF LAW (Doc. No. 22)** |
| **FILED:** | **July 12, 2018** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED.** | |

| | |
|---|---|
| **MOTION:** | **MIAMI-DADE COUNTY'S MOTION TO DISMISS THE COMPLAINT AND FOR A MORE DEFINITE STATEMENT ON VENUE ALLEGATIONS (Doc. No. 29)** |
| **FILED:** | **July 13, 2018** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

| | |
|---|---|
| **MOTION:** | **AMENDED MOTION TO DISMISS COMPLAINT AND ALTERNATIVELY TO QUASH SERVICE OF PROCESS BY DEFENDANT CITY OF ORLANDO, INCORRECTLY IDENTIFIED AS ORLANDO-ORANGE COUNTY AND ORLANDO-ORANGE (Doc. No. 35)** |
| **FILED:** | **July 19, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

| | |
|---|---|
| **MOTION:** | **DEFENDANT HILTON WORLDWIDE HOLDINGS, INC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 37)** |
| **FILED:** | **July 19, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

| | |
|---|---|
| **MOTION:** | **DEFENDANT JEANETTE BIGNEY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE AND MEMORANDUM OF LAW (Doc. No. 46)** |
| **FILED:** | **July 26, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

> **MOTION:** **MOTION TO DISMISS COMPLAINT WITH PREJUDICE (Doc. No 49)**
>
> **FILED:** **July 26, 2018**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

> **MOTION:** **DEFENDANT, CORNITA RILEY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Doc. No. 60)**
>
> **FILED:** **August 29, 2018**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.    BACKGROUND.

On June 18, 2018, Plaintiff filed a Complaint against Defendants, alleging violations of his Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendment rights, 42 U.S.C. §§ 1985 and 1986, abuse of process, and malicious prosecution. Doc. No. 1. The Complaint centers on events that began in Orange County, Florida ultimately resulting in Plaintiff's arrest, detention, and transfer to Miami-Dade County and a bond hearing in that county all emanating from an outstanding warrant and two open cases pending in the criminal division of the Eleventh Judicial Circuit in Miami-Dade County. Doc. No. 1 at 3-11.

According to Plaintiff's Complaint, on November 23, 2016, seven police officers from the "Orlando-Orange County Sheriff's Department" (the "Sheriff's Department") attempted to "violently act" on a purported warrant for Plaintiff's arrest. Doc. No. 1 at 4. Plaintiff alleges that his family was repeatedly harassed by the Sheriff's Department while the Sheriff's Department was looking for Plaintiff. Doc. No. 1 at 4-6.

Plaintiff then alleges he was "kidnapped" from the Waldorf Astoria in Orlando on May 7,

2018, by "two non-uniformed U.S. Marshals" and eight non-uniformed officers from the Sheriff's Department. Doc. No. 1 at 6-8. Plaintiff claims the officers "never presented a valid warrant or adhered to the Uniform Criminal Extradition Act." Doc. No. 1 at 7. Plaintiff alleges a Waldorf Astoria employee assisted the officers. Doc. No. 1 at 7. Plaintiff was booked into the "Orlando-Orange County Jail." Doc. No. 1 at 8.

On May 8, 2018, Judge Jeanette Bigney, an Orange County Court judge, issued an "illegal" bond for $150,000 for purported case B-15-34548 with purported charges of "rule to show cause" and "contempt of court" without verifying a valid warrant. Doc. No. 1 at 8. Plaintiff alleges that Judge Bigney stated at the hearing she had "verified that the information on this case is valid, all you have to do is post the $150,000 bond and you will be released." Doc. No. 1 at 8. Plaintiff alleged that the jail refused to release him and continued to hold him on a "no bond" hold. Doc. No. 1 at 8.

On May 8, 2018, attorney Alfredo Zamora was retained to assist Plaintiff. Doc. No. 1 at 9. Plaintiff's girlfriend also lodged a complaint with the Cornita Riley, Director of "the Orlando-Orange County Department of Corrections" via email, that Plaintiff was being illegally detained. Doc. No. 1 at 9.

On May 9, 2018, Plaintiff was transported by Miami-Dade County Correctional Officers to the Turner Guilford Knight Correctional Facility. Doc. No. 1 at 9. Plaintiff alleges the facility illegally received him and held him in 24-hour solitary confinement in the psych ward for three days. Doc. No. 1 at 9. On May 10, 2018, Plaintiff was advised he was attending a bond hearing before Judge Rodriguez-Fonts. Doc. No. 1 at 10. Plaintiff alleges that:

> On May 11, 2018, Miami-Dade County-Circuit Court Judge, Oscar Rodriguez-Fonts, conspires with Attorney Zamora and Orlando-Orange County, and proceeds to abuse his discretion by verbally issuing illegal bonds to the Plaintiff in the amounts of thirty thousand ($30,000.00) dollars and one

> hundred fifty thousand ($150,000.00) dollars, and then demands the Plaintiff surrender his passport on abandoned Case F-17-16392. It's to be noted that Rodriguez-Fonts has no jurisdiction over the Plaintiff.

Doc. No. 1 at 10 ¶ 46.

Plaintiff alleges that Judge Rodriguez-Fonts also abused his discretion by proceeding to set "purported court proceedings and a 'trial hearing' for August 9, 2018 and August 20, 2018, for the sole purpose of harassing the Plaintiff with full knowledge that Case F-17-16392 had been abandoned by the State pursuant to Florida Jurisprudence 2d 1151, 1163 & 1164." Doc. No. 1 at 10, 11. Finally, Plaintiff alleges his attorney advised him of the court dates, but failed to provide charging documents, and "continues to conspire" by telling Plaintiff the statute of limitations has not expired for Case F-17-3692. Doc. No. 1 at 11.

Plaintiff claims severe injuries including internal and emotional distress, anguish, substantial damage to his well-being, business relationships, and reputation. Doc. No. 1 at 11-12. He seeks money damages of $500 million for his 42 U.S.C. § 1985 and 1986 claims and money damages of $200 million for the abuse of process and malicious prosecution claims. Doc. No. 1 at 29. He also seeks to have every individual defendant prosecuted pursuant to all applicable federal and state laws. Doc. No. 1 at 29.

Plaintiff attaches copies of the charging documents for criminal case F-17-016392. Doc. No. 1-4. Plaintiff was charged with a third degree felony of battery on a law enforcement officer and a misdemeanor charge of resisting an officer without violence. Doc. No. 1-4 at 8-10.

On July 12, 2018, Judge Rodriguez-Fonts filed a Motion to Dismiss Plaintiff's Complaint with Prejudice and Memorandum of Law ("Judge Rodriguez-Fonts' Motion to Dismiss"). Doc. No. 22. Judge Rodriguez-Fonts argues that Plaintiff's claims are barred by absolute judicial immunity, Eleventh Amendment immunity, and qualified immunity. Doc. No. 22 at 2. Judge

Rodriguez-Fonts also argues that the Complaint is frivolous and fails to state a claim. Doc. No. 22 at 2. Judge Rodriguez-Fonts argues the Complaint is barred by the *Younger* doctrine. Doc. No. 22 at 2. Judge Rodriguez-Fonts also argues that Plaintiff "may" be subject to the fugitive disentitlement doctrine and attached a certified copy of an alias capias warrant for his arrest. Doc. No. 22 at 14; Doc. No. 22-1. On July 25, 2018, Plaintiff filed an Opposition in Response to Defendant Oscar Rodriguez-Fonts' Motion to Dismiss (the "Response to Judge Rodriguez-Fonts' Motion to Dismiss"). Doc. No. 41.

On July 13, 2018, Miami-Dade County filed a motion to dismiss the Complaint and for a more definite statement on venue allegations (the "Miami Dade Motion to Dismiss"). Doc. No. 29. Miami-Dade County argues that Plaintiff fails to state a cognizable claim against it because it seeks to hold Miami-Dade County vicariously liable for the allegedly unconstitutional acts of its employees. Doc. No. 29 at 3. Miami-Dade County also argues that Plaintiff's abuse of process claim was conclusory and fails to state a claim under Florida law. Doc. No. 29 at 3. Miami-Dade County argues that Plaintiff has not sufficiently pled conspiracy. Doc. No. 29 at 3-4. Plaintiff filed an opposition in response to Defendant Miami-Dade County's motion to dismiss on July 25, 2018. Doc. No. 42. Plaintiff argues that the Complaint is "crystal-clear and in full compliance with the notice pleading requirements of Rule 8" and that Miami-Dade County is not immune from liability for the actions of its employees. Doc. No. 42 at 4, 6-7.

On July 19, 2018, the City of Orlando (the "City") filed an Amended Motion to Dismiss Complaint and Alternatively to Quash Service of Process by Defendant City of Orlando ("Orlando's Motion to Dismiss or Quash Service"). Doc. No. 35. The City argues that Plaintiff has named "Orlando-Orange" and "Orlando-Orange County" as a defendant but served the City. Doc. No. 35 at ¶ 2-3. The City argues that it is a Florida municipal corporation and neither

designation is appropriate and the Court should quash service of process, as both the process and the service are insufficient. *Id.* at ¶ 4. The City also argues that Plaintiff has failed to state a claim for relief. *Id.* at ¶ 5. With respect to service, the City argues it is not misidentified, rather Plaintiff has sued the incorrect defendant. Doc. No. 35 at 3.

The City argues that because the alleged arrest took place in a location where the Orange County Sheriff's Office has exclusive jurisdiction there is an ambiguity in the summons and a significant question as to the validity of the summons. *Id.* Further, there is no such entity as "Orlando-Orange County" and, as such, Plaintiff has failed to sue a cognizable legal entity. *Id.* at 4.

Alternatively, the City argues it cannot be held liable on a respondeat superior theory and Plaintiff has failed to allege any facts that would support a claim of conspiracy or abuse of process. Doc. No. 35 at 5. Plaintiff filed an opposition on July 30, 2018. Doc. No. 51.

On July 19, 2018, Defendant Hilton Worldwide Holdings, Inc. ("Hilton") filed a motion to dismiss Plaintiff's complaint ("Hilton's Motion to Dismiss"). Doc. No. 37. Hilton argues that Plaintiff has failed to plead any facts to pierce the corporate veil and hold Hilton responsible for the acts of its alleged subsidiary. Doc. No. 37 at 1. Hilton argues further than Plaintiff has, at best, alleged an illegal arrest but that Plaintiff makes no allegation that Hilton participated in a conspiracy to deprive him of a serious constitutional right or allege discriminatory animus. Doc. No. 37 at 7. Hilton argues that Plaintiff's claims regarding violations of his Fifth Amendment and Eighth Amendment rights fail as a matter of law because Hilton is a private actor and Plaintiff is not a prisoner. Doc. No. 37 at 8. With respect to abuse of process, Plaintiff fails to allege Hilton made an illegal, improper, or perverted use of criminal or civil legal process. Doc. No. 37 at 9. Plaintiff filed an opposition to the motion to dismiss on July 30, 2018. Doc. No. 52.

On July 26, 2018, Defendant Jeanette Bigney ("Judge Bigney") filed a Motion to Dismiss Plaintiff's Complaint with Prejudice and Memorandum of Law ("Judge Bigney's Motion to Dismiss").  Doc. No. 46.  Judge Bigney argues that Plaintiff's claims are barred by judicial immunity, Eleventh Amendment immunity, and qualified immunity, and that Plaintiff's complaint is frivolous, fails to state a claim for relief, and is barred by the *Younger* doctrine.  Doc. No. 46 at 2.  Judge Bigney also argues that Plaintiff appears to be a fugitive subject to the fugitive disentitlement doctrine.  Doc. No. 46 at 12.  On August 8, 2018, Plaintiff filed an opposition to Judge Bigney's Motion to Dismiss.  Doc. No. 57.

On July 26, 2018, Defendant Alfredo R. Zamora, Esq. ("Zamora") filed a Motion to Dismiss Complaint with prejudice ("Zamora's Motion").  Doc. No. 49.  Zamora argues that Plaintiff fails to allege a discriminatory motive for his conspiracy claim.  Doc. No. 49 at 3.  Zamora argues this is Plaintiff's fourth successive federal civil law suit alleging similar claims after filing three similar suits in the Southern District of Florida which were all dismissed for failure to state a claim, the third of which has an amended complaint which is also subject to a motion to dismiss.  Doc. No. 49 at 3, 49-1 at 4-18.  Zamora argues that both the fugitive disentitlement doctrine and Plaintiff's failure to state a claim necessitate dismissal.  Doc. No. 5-6.  On August 8, 2018, Plaintiff filed an opposition to Zamora's Motion.  Doc. Bo. 58.

On August 29, 2018, Defendant Cornita Riley ("Riley") filed a Motion to Dismiss Plaintiff's Complaint ("Riley's Motion").  Doc. No 60.  Riley argues that Plaintiff fails to state a cause of action and his Complaint is incomprehensible.  Doc. No. 60 at 4.  Plaintiff filed an opposition in response to Riley's Motion on September 12, 2018.  Doc. No. 68.

## II. STANDARD OF REVIEW.

"When considering a motion to dismiss for failure to state a claim, a court must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiff." *Murphy v. F.D.I.C.*, 208 F.3d 959, 962 (11th Cir. 2000) (citing *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Specifically, the factual allegations, accepted as true, must "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). This cannot be achieved through mere legal conclusions or recitation of the elements of a claim. *Id.* (citing *Twombly*, 550 U.S. at 555). Instead, to state a plausible claim for relief, the plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). If the plaintiff fails to meet this pleading standard, then the complaint will be subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

## III. ANALYSIS.

Defendants have collectively raised multiple grounds for dismissing this Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), both with and without prejudice, including

---

[1] The fact that Plaintiff is proceeding *pro se* does not materially alter the Court's standard of review. "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (citation omitted). In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

absolute judicial immunity, *Younger* abstention doctrine, failure to state a claim, and the fugitive disentitlement doctrine, among others.  Based on several grounds, this Complaint is due to be dismissed.

    A.  <u>Absolute Judicial Immunity</u>

The Complaint, even when liberally construed, does not state a cause of action upon which relief may be granted against Judges Rodriguez-Fonts and Bigney.  Plaintiff complains about the two state court judges' actions in presiding over Plaintiff's pending criminal cases.  Doc. No. 1. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).  "Absolute judicial immunity 'applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.'" *Williams v. Alabama*, 425 F. App'x 824, 825 (11th Cir. 2011)[2] (quoting *Bolin*, 225 F.3d at 1239). In *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005), the Eleventh Circuit explained:

> Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

"[T]he district court may dismiss a claim based on absolute judicial immunity if it represents an 'obvious bar' based on the allegations in the complaint."  *Williams*, 425 F. App'x at 825.

Based on the allegations in the Complaint, the acts complained of constitute normal judicial functions in cases pending before the judges. Doc. No. 1.  The allegations in the Complaint do not show a clear absence of all jurisdiction.  Thus, absolute judicial immunity operates as an obvious

---

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

bar to Plaintiff's allegations.³  Plaintiff's claims against Judges Rodriguez-Fonts and Bigney are due to be dismissed with prejudice.

> B. <u>Failure to State a Claim</u>⁴

With respect to the allegations raised in the Complaint, *i.e.*, that two state court judges, Plaintiff's own counsel, the parent company of a hotel through an employee, Miami-Dade County, and various law enforcement and corrections officers and agencies, both state and federal, conspired to arrest and detain Plaintiff in violation of his constitutional rights, the Complaint fails to state a claim for conspiracy, violation of Plaintiff's constitutional rights, and abuse of process, as the allegations fail to allege facts that demonstrate a meeting of the minds, fail to provide any factual basis to demonstrate discriminatory animus or motive, and fail to provide facts to support an abuse of process or violation of Plaintiff's constitutional rights. In fact, Plaintiff's allegations are in essence nothing more than a minimal recitation of the elements of various causes of action stated in a conclusory fashion which fail to satisfy the requirement that Plaintiff provide a short plain statement of the claim showing the pleader is entitled to relief. *Twombly*, 550 U.S. at 555.

---

³ Dismissal of the claims against Judges Rodriguez-Fonts and Bigney is also required under the *Rooker-Feldman* and the *Younger* abstention doctrines. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415-16 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983); *Younger v. Harris*, 401 U.S. 37, 43 (1971). Plaintiff is challenging the Florida state courts' decisions based on warrants issued by the courts and enforced by local police. Doc. No. 18 at 2, 4. Such a suit is not cognizable in federal court. "The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." *Bey v. Ninth Judicial Circuit*, No. 6:11-cv-510-18DAB, 2011 WL 1791284, at *2. If Plaintiff is seeking review of the orders of the state court in a proceeding that remains pending, the *Younger* abstention doctrine forbids this Court from exercising jurisdiction over the claims. *Younger*, 401 U.S. at 43 (The abstention doctrine is premised upon a fundamental "public policy against federal court interference with state court proceedings."). Accordingly, regardless of the nature of the claims Plaintiff has brought or may bring, because Plaintiff is challenging the orders and judgments of a state court proceeding, this Court lacks jurisdiction over the claims.

⁴ Plaintiff alleges a malicious prosecution claim as well, but that cause of action is only directed to Judges Rodriguez-Fonts and Bigney. As both those defendants are subject to dismissal with prejudice under the absolute judicial immunity doctrine, Plaintiff's malicious prosecution claim will not be addressed in this section.

       1.      42 U.S.C. § 1985

Plaintiff attempts to allege a conspiracy claim under 42 U.S.C. § 1985 against all the defendants. That section authorizes a cause of action against persons who conspire to interfere with civil rights. *Id.* The elements of a cause of action under § 1985 are: "(1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws . . .; and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured . . . or deprived of any right or privilege of a citizen of the United States." *Trawinski v. United Techs.*, 313 F.3d 1295, 1299 (11th Cir. 2002). Plaintiff must demonstrate: "(1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus (lay) behind the conspirators' action, and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official encroachment." (Internal citations omitted). *Thames v. City of Pensacola*, 2005 U.S. Dist. LEXIS 23120, at *31-32 (N.D. Fla. Aug. 1, 2005) (quoting *Bray v. Alexandria Clinic*, 506 U.S. 263, 267-68 (1993)).

"A conspiracy is not 'for the purpose' of denying equal protection simply because it has an effect upon a protected right. The right must be '*aimed at*,' . . . ; its impairment must be a conscious objective of the enterprise." (Internal citation omitted). *Bray*, 506 U.S. at 275 (quoting *United Bhd. of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825, 833 (1983)). The "'intent to deprive of a right' requirement demands that the defendant do more than merely be aware of a deprivation of right that he causes, or more than merely accept it; he must act at least in part for the very purpose of producing it." *Bray*, 506 U.S. at 276. To the extent private actors are implicated, a plaintiff must show that the "conspiracy targeted 'rights constitutionally protected against private impairment.'" *Shaikh v. Reziqa*, 2017 U.S. Dist. LEXIS 206251, at *7 (M.D. Fla. Dec. 15, 2017) (quoting *Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304, 1312 (11th Cir. 2010)).

The only rights that satisfy this are "the right to interstate travel and the right against involuntary servitude." *Id.* at 7.

In addition, to sufficiently allege a conspiracy, a plaintiff must allege the defendants "reached an understanding or agreement." *Freyre v. Hillsborough Cty. Sheriff's Office*, 2014 U.S. Dist. LEXIS 66348, at *18 (M.D. Fla. May 13, 2014). In order to satisfy this requirement, a plaintiff need not produce a smoking gun but the allegations "must contain some evidence of an agreement among the defendants" including "'particularized allegations' supporting the existence of such an agreement." *Freyre*, 2014 U.S. Dist. LEXIS 66348, at *18 (citing *Albra v. City of Ft. Lauderdale*, 232 F. App'x 885, 891 (11th Cir. 2007) and *Rowe v. City of Ft. Lauderdale*, 279 F.3d 1271, 1283-84 (11th Cir. 2002)).

Plaintiff's only allegation related to discriminatory animus is a conclusory statement that his factual allegations show "a pattern of practice that systematically violates the Plaintiff's and African Americans' rights, who have historically been victims of excessive force and wrongful arrests by law enforcement officers, and discriminated against during court proceedings in Municipal Courts violating the 4th, 5th, 6th, 8th, 13th and 14th Amendments of the United States Constitution." Doc. No. 1 at 3. Plaintiff then incorporates that statement into his counts against each defendant and states that "Because of the acts committed . . . the Defendant caused or permitted the violation of the Plaintiff's Constitutional Rights, thereby entitling the Plaintiff to recover damages pursuant to 28 U.S.C. § 1343, 42 U.S.C. § 1985(3)." Doc. No. 1 at ¶¶ 54, 70, 88, 96, 112, 128, 136,    These *de minimus* conclusory statements in no way establish or suggest the type of invidious discriminatory animus contemplated by the courts. *Bray*, 506 U.S. at 270; *Artubel v. Colonial Bank Group, Inc.*, 2008 U.S. Dist. LEXIS 60781, at *54 (M.D. Fla. Aug. 8, 2008) (finding a vague assertion of racial motivation was insufficient to state a claim).

Further, Plaintiff offers no factual allegations regarding a conspiracy amongst these actors or otherwise suggests factually how they conferred and acted in concert to actively deprive him of his constitutional rights.[5]  Thus, this claim is subject to dismissal as to all defendants.  *Freyre*, 2014 U.S. Dist. LEXIS 66348, at *18.

### 2. 42 U.S.C. § 1986

Section 1986 is derivative action of a section 1985 cause of action, the former cannot be established without the latter.  *Park v. City of Atlanta*, 120 F.3d 1157, 1159-60 (11th Cir. 1997). Section 1986 provides a cause of action against anyone who has "knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses so to do."  *Id.* at 1159.  Based upon the foregoing, this claim necessarily fails as well and is due to be dismissed.

### 3. Abuse of Process

Plaintiff alleges abuse of process against each Defendant.  But, Plaintiff does not provide any factual allegations as to what constituted an abuse of process on behalf of each Defendant.

"Abuse of process involves the use of criminal or civil legal process against another primarily to accomplish a purpose for which it was not designed." *Bothmann v. Harrington*, 458 So. 2d 1163, 1169 (Fla. 3d DCA 1984).  To state a claim for abuse of process, Plaintiff must allege "(1) the defendant made an illegal, improper, or perverted use of process; (2) the defendant had an ulterior motive or purpose in exercising the illegal, improper, or perverted process; and (3) the

---

[5] Although not raised by any of the defendants, it would appear that the intracorporate conspiracy doctrine would preclude allegations of a conspiracy by and between the individual employees and with their employing organizations.  *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000); *Dickerson v. Alachua Cty. Comm'n*, 200 F.3d 761, 768 (11th Cir. 2000).  That doctrine holds that "a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *McAndrew*, 206 F.3d at 1036.  This doctrine has also been applied to public entities.  *Freyre*, 2014 U.S. Dist. LEXIS 66348 at *22.

plaintiff was injured as a result of defendant's action." *Hardick v. Homol*, 795 So. 2d 1107, 1111 n.2 (Fla. 5th DCA 2001).  However, there is "no abuse of process . . . when the process is used to accomplish the result for which it was created, regardless of an incidental or concurrent motive of spite or ulterior purpose." *Bothmann*, 458 So. 2d at 1169.

Plaintiff alleges no motive or purpose underlying his abuse of process claim against any defendant.  His allegations reflect that outstanding warrants were enforced, Plaintiff was detained, provided a bail hearing in Orlando after his arrest, transported to Miami, provided a second hearing, and issued a bond each time.  Plaintiff has failed to provide any allegations that a defendant as actor misused this process initially or that there was an ulterior motive for doing so, other than stating that an abuse of process occurred.  Doc. No. 1 at  ¶¶ 68, 78, 94, 110, 126, 150.  Instead, Plaintiff's allegations reflect that the process accomplished the result for which it was created, namely to put Plaintiff back in front of Florida's Eleventh Judicial Circuit's court to answer for the criminal charges that were the subject of the warrants.  Thus, this claim is due to be dismissed.

   C. <u>Dismissal Due to Improper Service as to City of Orlando</u>

The City of Orlando argues alternatively that service of process should be quashed because Plaintiff served the wrong entity and has not sued a cognizable legal entity.  First, Plaintiff identifies the party to be sued as "Orlando-Orange County" and makes frequent reference to "Orlando-Orange County Police Officers."  Doc. No. 1.  Plaintiff also alleges that "Orlando-Orange County" is being sued as a municipality.  Doc. No. 1 at ¶ 4.  However, there is no such legal entity.  Despite identifying "Orlando-Orange County" as a party defendant, Plaintiff actually served the City of Orlando.  Doc. Nos. 26, 35 at 2.  The summons sought to serve Buddy Dyer as the Mayor of "Orlando-Orange County."  Doc. Nos. 4, 26, 35 at 2.

The City of Orlando argues there is no municipal entity identified as "Orlando-Orange County." Instead, there are two distinct entities with their own law enforcement departments, the City of Orlando and Orange County. Doc. No. 35 at 3. Further, as the City of Orlando notes, the Waldorf-Astoria is not located within the city limits of Orlando based on the address provided in the Complaint. Doc. No. 1 at 6; Doc. No. 1-1 at 8; Doc. No. 35 at 3. The Court would also note that several of the alleged interactions between Plaintiff's family and "Orlando-Orange County" law enforcement took place outside the Orlando city limits as well. Doc. No. 1 at 4, 5; Doc. No. 1-1 at 3-4. And at least one interaction clearly occurred between Plaintiff's brother and the Orange County Sheriff's Office. Doc. No. 1-1 at 2.[6]

Upon a showing of insufficient service of process, Rule 12(b)(5), Federal Rules of Civil Procedure," provides district courts with the authority to either dismiss the complaint or to quash the service and require the plaintiff to re-attempt service of process." *Smith v. Conner*, 2013 U.S. Dist. LEXIS 9646, at *5 (M.D. Fla. Jan. 24, 2013) (quotation omitted). "[W]hen there is no prejudice and service can be accomplished, courts generally will quash the insufficient service and allow the plaintiff to perfect service." *Id*. (quoting *Geer v. McGregor*, 2011 WL 5508983, at *3 (D.S.C. Oct. 18, 2011)).

Plaintiff's allegations indicate he intended to sue the City as he served the Mayor of the City, but Plaintiff simply did so with a summons that misidentified the City as "Orlando-Orange County." Doc. No. 4. Therefore, service will be quashed and Plaintiff will be permitted to serve the City properly. *Smith*, 2013 U.S. Dist. LEXIS 9646, at *5.

---

[6] Plaintiff's exhibits also reflect that a citizen's complaint was filed with the City of Orlando. Doc. No. 1-1 at 3-4.

### D.     Fugitive Disentitlement Doctrine

As an alternate basis for dismissal, Zamora and Judge Rodriguez-Fonts raise the fugitive disentitlement doctrine. They each argue that Plaintiff currently has an active alias capias warrant in Florida related to his failure to appear in case no F-17-016392, and that he claims residency in Orlando in his Complaint, but appears to be residing in California. Doc. No. 22 at 14; Doc. No. 49 at 5. Plaintiff makes allegations that directly challenge the legality of this outstanding warrant, his arrests, his detention, and transfer to the Miami-Dade correctional facility, all related to the two outstanding criminal cases that are pending in Miami-Dade County, including F-17-016392. Doc. No. 1.

The fugitive disentitlement doctrine limits access to courts by a litigant who becomes a fugitive. *Cotterman v. Martin*, 2018 U.S. Dist. LEXIS 20948, at *2 (N.D. Fla. Jan. 4, 2018); *Magluta v. Samples*, 162 F.3d 662, 664 (11th Cir. 1998); *Resolution Trust Corp. v. Pharaon*, 922 F. Supp. 591, 596 (S.D. Fla. 1996) (finding that defendant could not "selectively invoke" resources of court to defend a civil action in the same district where he refused to appear and answer criminal charges pending against him). District courts may sanction parties on the basis of their fugitive status. *Magluta*, 162 F.3d at 664. The rationale for such a doctrine is the "difficulty of enforcement against one not willing to subject himself to the court's authority; the inequity of allowing a fugitive to use court resources only if the outcome is an aid to him; and the need to avoid prejudice to the nonfugitive party." *Id.* A civil action may be dismissed on this basis if a plaintiff is a fugitive, his fugitive status has some nexus to his civil action, and dismissal is necessary to effectuate the concerns underlying the doctrine. *Magluta*, 162 F.3d at 664, 665 (citing *Degen v. United States*, 517 U.S. 820, 829 (1996)).

Defendant Zamora argues that Plaintiff has two outstanding warrants issued as of June 2018 in B-15-34548 and F-17-16392 (Fla. 11th Cir. Ct.). Doc. No. 49 at 6; Doc. No. 49-1 at 2. These are the same criminal cases that generated the warrant upon which Plaintiff was detained and transferred to Miami-Dade before. Doc. No. 1. Zamora offers a printout from the Florida Department of Law Enforcement's website as to one of the cases. Doc. No. 49-1 at 2. Similarly, Judge Rodriguez-Fonts suggests that the doctrine may be applicable and attaches a certified copy of the operative alias capias warrant. Doc. No. 22-1.

Both defendants brought their motions to dismiss pursuant to Rule 12(b)(6), leveling a facial challenge against Plaintiff's Complaint. Doc. Nos. 22 and 49. As such, this Court is confined to the four corners of the Complaint, taking Plaintiff's allegations as true for purposes of a motion to dismiss. *Murphy*, 208 F.3d at 962; *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). Neither defendant argued or provided sufficient information to permit this matter to be converted to summary judgment. There are no affidavits, no argument for a factual challenge, and no properly supported request for this Court to take judicial notice of the outstanding alias capias warrant. Therefore, dismissal on the basis of the fugitive disentitlement doctrine is denied.

## IV. CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. Judge Rodriguez-Fonts' Motion to Dismiss and Judge Bigney's Motion to Dismiss (Doc. Nos. 22, 46) be **GRANTED** based on absolute judicial immunity;

2. The Complaint be **DISMISSED with prejudice** as to Judge Rodriguez-Fonts and Judge Bigney;

3. The other Motions to Dismiss (Doc. Nos. 29, 35, 37, 49, 60) be granted based on Plaintiff's failure to state a claim;

4. The Complaint be **DISMISSED without prejudice** as to the remaining Defendants;

5. Plaintiff be given leave to amend within fourteen days of an order approving this Report and Recommendation.

6. The City of Orlando's Motion to Quash Service of Process (Doc. No. 35) be **GRANTED.**

7. Plaintiff shall be permitted to re-attempt service of process on the City of Orlando.

8. The balance of each party's Motion to Dismiss be **DENIED as moot.**

**A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.**

Recommended in Orlando, Florida, on November 5, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties