UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIMITRI PATTERSON,

        Plaintiff,

v.                                                   Case No: 6:18-cv-950-Orl-41GJK

ORLANDO-ORANGE COUNTY,
MIAMI-DADE COUNTY, HILTON
WORLDWIDE HOLDINGS, INC.,
CORNITA RILEY, JEANETTE
BIGNEY, ALFREDO ZAMORA and
OSCAR RODRIGUEZ-FONTS,

        Defendants.
                                         /

**ORDER**

THIS CAUSE is before the Court on Defendant Oscar Rodriguez-Font's Motion to Dismiss (Doc. 22), Defendant Miami-Dade County's Motion to Dismiss and for a More Definite Statement (Doc. 29), City of Orlando's[1] Amended Motion to Dismiss Complaint and Alternatively to Quash Service of Process (Doc. 35), Defendant Hilton Worldwide Holdings, Inc.'s Motion to Dismiss (Doc. 37), Defendant Jeanette Bigney's Motion to Dismiss (Doc. 46), Defendant Alfredo Zamora's Motion to Dismiss (Doc. 49), and Defendant Cornita Riley's Motion to Dismiss (Doc. 60). United States Magistrate Judge Gregory J. Kelly submitted a Report and Recommendation ("R&R," Doc. 73), recommending that the Court (1) grant each of the abovementioned motions, (2) dismiss the Complaint (Doc. 1) with prejudice as to Defendants Rodriguez-Fonts and Bigney, (3) dismiss the Complaint without prejudice as to the remaining Defendants, (4) allow Plaintiff to amend the Complaint, and (5) allow Plaintiff to re-attempt service of process on the City of Orlando. Plaintiff

---

[1] City of Orlando is incorrectly identified in the Complaint as Orlando-Orange County.

filed an Objection (Doc. 74) to the R&R, to which several Defendants filed Responses (Doc. Nos. 77–80).

In the R&R, Judge Kelly found that Defendants Rodriguez-Fonts and Bigney were entitled to absolute immunity because their actions constituted normal judicial functions by judges. (Doc. 73 at 10). Therefore, Judge Kelly concluded that Plaintiff's claims against Defendants Rodriguez-Fonts and Bigney are due to be dismissed with prejudice. (*Id.* at 11). Additionally, Judge Kelly found that Plaintiff failed to state a claim against any of the remaining Defendants as Plaintiff's Complaint contained only conclusory allegations. (*Id.* at 11–15). Lastly, Judge Kelly determined that Plaintiff's attempted service of the City of Orlando is due to be quashed and recommended that Plaintiff be allowed to serve the City properly. (*Id.* at 16).

In his Objection, Plaintiff asserts that Defendants Rodriguez-Fonts and Bigney are not entitled to absolute immunity because their actions against Plaintiff do not qualify as judicial acts. (Doc. 74 at 2–3). Moreover, Plaintiff argues that the Complaint contains sufficient factual support to state a claim for relief against the remaining Defendants. (*Id.* at 4).[2] However, Plaintiff has already presented these arguments in his responses to the motions to dismiss, (*see* Doc. 41 at 5–6; Doc. 42 at 2, 4–5; Doc. 52 at 2; Doc. 57 at 5–6; Doc. 58 at 2; Doc. 68 at 2), and they have been appropriately addressed by Judge Kelly. Because the Court agrees with Judge Kelly's analysis, Plaintiff's claims as to the remaining Defendants will be dismissed without prejudice. Plaintiff will be given the opportunity to amend his complaint and to properly serve the City of Orlando.

After a *de novo* review of the record, the Court agrees with the analysis set forth in the R&R. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

---

[2] Plaintiff does not appear to object to Judge Kelly's recommendation that the Court grant the City of Orlando's Amended Motion to Dismiss Complaint and Alternatively to Quash Service of Process and allow Plaintiff another attempt to serve the City.

1. The Report and Recommendation (Doc. 73) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Defendant Oscar Rodriguez-Font's Motion to Dismiss (Doc. 22) is **GRANTED**.

3. Defendant Miami-Dade County's Motion to Dismiss and for a More Definite Statement (Doc. 29) is **GRANTED**.

4. City of Orlando's Amended Motion to Dismiss Complaint and Alternatively to Quash Service of Process (Doc. 35) is **GRANTED**.

5. Defendant Hilton Worldwide Holdings, Inc.'s Motion to Dismiss (Doc. 37) is **GRANTED**.

6. Defendant Jeanette Bigney's Motion to Dismiss (Doc. 46) is **GRANTED**.

7. Defendant Alfredo Zamora's Motion to Dismiss (Doc. 49) is **GRANTED**.

8. Defendant Cornita Riley's Motion to Dismiss (Doc. 60) is **GRANTED**.

9. The Complaint (Doc. 1) is **DISMISSED with prejudice** as to Defendants Rodriguez-Fonts and Bigney.

10. The Complaint (Doc. 1) is **DISMISSED without prejudice** as to the remaining Defendants.

11. **On or before December 17, 2018**, Plaintiff may file an amended complaint.

**DONE** and **ORDERED** in Orlando, Florida on November 29, 2018.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party