**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DIMITRI PATTERSON,**

    **Plaintiff,**

v.                                                             **Case No:  6:18-cv-950-Orl-18GJK**

**ORLANDO-ORANGE COUNTY,**
**MIAMI-DADE COUNTY, HILTON**
**WORLDWIDE HOLDINGS, INC.,**
**CORNITA RILEY, JEANETTE**
**BIGNEY, ALFREDO ZAMORA,**
**and OSCAR RODRIGUEZ-FONTS,**

    **Defendants.**

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS COMPLAINT WITH PREJUDICE (Doc. No. 92)** |
| **FILED:** | **December 27, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

**I.**      **BACKGROUND.**

On July 26, 2018, Defendant Alfredo R. Zamora, Esq. ("Zamora") filed a Motion to Dismiss the original Complaint in this case with prejudice. Doc. No. 49. On November 5, 2018, this Court issued a Report and Recommendation recommending that the Complaint be dismissed without prejudice as to Zamora for failure to state a claim. Doc. No. 73. The Report and Recommendation held:

> With respect to the allegations raised in the Complaint, *i.e.*, that two state court judges, Plaintiff's own counsel, the parent company of a hotel through an employee, Miami-Dade County, and various law enforcement and corrections officers and agencies, both state and federal, conspired to arrest and detain Plaintiff in violation of his constitutional rights, the Complaint fails to state a claim for conspiracy, violation of Plaintiff's constitutional rights, and abuse of process, as the allegations fail to allege facts that demonstrate a meeting of the minds, fail to provide any factual basis to demonstrate discriminatory animus or motive, and fail to provide facts to support an abuse of process or violation of Plaintiff's constitutional rights.  In fact, Plaintiff's allegations are in essence nothing more than a minimal recitation of the elements of various causes of action stated in a conclusory fashion which fail to satisfy the requirement that Plaintiff provide a short plain statement of the claim showing the pleader is entitled to relief.  *Twombly*, 550 U.S. at 555.
>
> . . .
>
> Plaintiff's only allegation related to discriminatory animus is a conclusory statement that his factual allegations show a "pattern of practice that systematically violates the Plaintiff's and African Americans' rights, who have historically been victims of excessive force and wrongful arrests by law enforcement officers . . . .  Plaintiff then incorporates that statement into his counts against each defendant and states that "Because of the acts committed . . . the Defendant caused or permitted the violation of the Plaintiff's Constitutional Rights, thereby entitling the Plaintiff to recover damages pursuant to 28 U.S.C. § 1343, 42 U.S.C. § 1985(3)." Doc. No. 1 at ¶¶ 54, 70, 88, 96, 112, 128, 136,   These *de minimus* conclusory statements in no way establish or suggest the type of invidious discriminatory animus contemplated by the courts.  *Bray*, 506 U.S. at 270; *Artubel v. Colonial Bank Group, Inc.*, 2008 U.S. Dist. LEXIS 60781, at *54 (M.D. Fla. Aug. 8, 2008) (finding a vague assertion of racial motivation was insufficient to state a claim).
>
> Further, Plaintiff offers no factual allegations regarding a conspiracy amongst these actors or otherwise suggests factually how they conferred and acted in concert to actively deprive him of his constitutional rights.  Thus, this claim is subject to dismissal as to all defendants.  *Freyre*, 2014 U.S. Dist. LEXIS 66348, at *18.

Doc. No. 73 at 11, 13-14 (footnote omitted).  The Court made similar findings related to Plaintiff's abuse of process claim.  Doc. No. 73 at 14-15 ("Plaintiff has failed to provide any allegations that

a defendant as actor misused this process initially or that there was an ulterior motive for doing so, other than stating an abuse of process occurred.")

On November 29, 2018, the District Court issued an Order adopting the Report and Recommendation, dismissing the Complaint with prejudice as to Judges Rodriguez-Fonts and Bigney, dismissing the Complaint without prejudice as to the remaining Defendants, and permitting Plaintiff to file an Amended Complaint.

On December 14, 2018, Plaintiff filed an Amended Complaint. Doc. No. 83. With respect to Zamora, the Amended Complaint is virtually identical to Plaintiff's original Complaint. *Compare* Doc. Nos. 1 and 83. Plaintiff alleges that Zamora was retained "for the purpose of getting the Plaintiff released after being illegally detained." Doc. No. 83 at 9, ¶ 40. On May 10, 2018, Zamora allegedly advised Kathy Thabet telephonically that he "will have any attorney named Dennis Gonzalez appear on the Plaintiff's behalf for a 'bond hearing' in front of Judge Rodriguez-Fonts on May 10, 2018." Doc. No. 83 at 10, ¶ 45. Plaintiff alleges that Gonzalez did not appear and there was no bond hearing. Doc. No. 83 at 10, ¶ 46. Plaintiff alleges e-mail exchanges with Zamora where Zamora advised him of court dates, Plaintiff requests charging documents from Zamora, and Zamora advises Plaintiff if he fails to attend a court hearing on June 4, 2018, "the court will issue a warrant for your arrest and you will be held without bond." Doc. No. 83 at 11-12, ¶¶ 50-53. Based on these factual allegations, Plaintiff alleges that Zamora violated 42 U.S.C. §§ 1985 and 1986, Plaintiff's Fifth Amendment rights, and engaged in an abuse of process. Doc. No. 83 at 38-39. Plaintiff alleges that Zamora conspired with Judge Rodriguez-Fonts and Miami-Dade County "by use of a purported and invalid arrest warrant to intimidate and threaten the Plaintiff." Doc. No. 83 at 38, 48. Plaintiff also alleges Zamora violated his Fifth Amendment rights because he "ignored that there had not

been any valid and State mandated paperwork." Doc. No. 83 at 39.

On December 27, 2018, Zamora filed a motion to dismiss the Amended Complaint with prejudice (the "Motion"). Doc. No. 92. Zamora first argues that every factual allegation against him remains the same and the Amended Complaint still fails to state a claim for conspiracy under section 1985. Doc. No. 92 at 2, 5. Similarly, Zamora argues that the abuse of process claim must fail for the same reason because Plaintiff, despite being given the opportunity to amend, fails to allege any additional facts to state a claim for abuse of process. Doc. No. 92 at 8. On January 10, 2019, Plaintiff filed a response to Zamora's Motion to Dismiss. Doc. No. 100.

## II.     STANDARD OF REVIEW.

"When considering a motion to dismiss for failure to state a claim, a court must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiff." *Murphy v. F.D.I.C.*, 208 F.3d 959, 962 (11th Cir. 2000) (citing *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Specifically, the factual allegations, accepted as true, must "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). This cannot be achieved through mere legal conclusions or recitation of the elements of a claim. *Id*. (citing *Twombly*, 550 U.S. at 555). Instead, to state a plausible claim for relief, the plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). If the plaintiff fails to meet this

pleading standard, then the complaint will be subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

A pro se plaintiff must be given at least one chance to amend a complaint before the Court dismisses the action with prejudice. *Cummings v. Cameron*, 2018 U.S. Dist. LEXIS 186050, at *4 (M.D. Fla. Oct. 31, 2018) (citing *Carter v. HSBC Mortg. Servs., Inc.*, 622 F. App'x 783, 786 (11th Cir. 2015)); *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."). Where a plaintiff has been given an opportunity to replead his complaint but fails to correct the noted deficiencies and still fails to state a claim, dismissal with prejudice is appropriate. *Cummings*, 2018 U.S. Dist. LEXIS 186050, at *4-5.

### III. APPLICABLE LAW.

#### A. 42 U.S.C. § 1985

42 U.S.C. § 1985 authorizes a cause of action against persons who conspire to interfere with civil rights. The elements of a cause of action under § 1985 are: "(1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws . . .; and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured . . . or deprived of any right or privilege of a citizen of the United States." *Trawinski v. United Techs.*, 313 F.3d 1295, 1299 (11th Cir. 2002). Plaintiff must demonstrate: "(1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus (lay) behind the

---

[1] The fact that Plaintiff is proceeding *pro se* does not materially alter the Court's standard of review. "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (citation omitted). In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

conspirators' action, and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official encroachment." (Internal citations omitted).  *Thames v. City of Pensacola*, 2005 U.S. Dist. LEXIS 23120, at *31-32 (N.D. Fla. Aug. 1, 2005) (quoting *Bray v. Alexandria Clinic*, 506 U.S. 263, 267-68 (1993)).

"A conspiracy is not 'for the purpose' of denying equal protection simply because it has an effect upon a protected right.  The right must be '*aimed at*,' . . . ; its impairment must be a conscious objective of the enterprise." (Internal citation omitted).  *Bray*, 506 U.S. at 275 (quoting *United Bhd. of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825, 833 (1983)).  The "'intent to deprive of a right' requirement demands that the defendant do more than merely be aware of a deprivation of right that he causes, or more than merely accept it; <u>he must act at least in part for the very purpose of producing it</u>."  *Bray*, 506 U.S. at 276.  To the extent private actors are implicated, a plaintiff must show that the "conspiracy targeted 'rights constitutionally protected against private impairment.'"  *Shaikh v. Reziqa*, 2017 U.S. Dist. LEXIS 206251, at *7 (M.D. Fla. Dec. 15, 2017) (quoting *Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304, 1312 (11th Cir. 2010)).  The only rights that satisfy this are "the right to interstate travel and the right against involuntary servitude."  *Id.* at 7.

In addition, to sufficiently allege a conspiracy, a plaintiff must allege the defendants "reached an understanding or agreement."  *Freyre v. Hillsborough Cty. Sheriff's Office*, 2014 U.S. Dist. LEXIS 66348, at *18 (M.D. Fla. May 13, 2014).  In order to satisfy this requirement, a plaintiff need not produce a smoking gun but the allegations "must contain some evidence of an agreement among the defendants" including "'particularized allegations' supporting the existence of such an agreement."  *Freyre*, 2014 U.S. Dist. LEXIS 66348, at *18 (citing *Albra v. City of Ft.*

*Lauderdale*, 232 F. App'x 885, 891 (11th Cir. 2007) and *Rowe v. City of Ft. Lauderdale*, 279 F.3d 1271, 1283-84 (11th Cir. 2002)).

    B.    <u>42 U.S.C. § 1986</u>

Section 1986 is derivative action of a section 1985 cause of action, the former cannot be established without the latter. *Park v. City of Atlanta*, 120 F.3d 1157, 1159-60 (11th Cir. 1997). Section 1986 provides a cause of action against anyone who has "knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses so to do." *Id.* at 1159.

    C.    <u>Abuse of Process</u>

"Abuse of process involves the use of criminal or civil legal process against another primarily to accomplish a purpose for which it was not designed." *Bothmann v. Harrington*, 458 So. 2d 1163, 1169 (Fla. 3d DCA 1984). To state a claim for abuse of process, Plaintiff must allege "(1) the defendant made an illegal, improper, or perverted use of process; (2) the defendant had an ulterior motive or purpose in exercising the illegal, improper, or perverted process; and (3) the plaintiff was injured as a result of defendant's action." *Hardick v. Homol*, 795 So. 2d 1107, 1111 n.2 (Fla. 5th DCA 2001). However, there is "no abuse of process . . . when the process is used to accomplish the result for which it was created, regardless of an incidental or concurrent motive of spite or ulterior purpose." *Bothmann*, 458 So. 2d at 1169.

    D.    <u>Fifth Amendment</u>

The Fifth Amendment restrains the federal government, from depriving any person of life, liberty, or property without due process of law. *Brown v. Correa*, 2013 U.S. Dist. LEXIS 137642, at \*19 (M.D. Fla. Sept. 25, 2013) (citing *Buxton v. City of Plant City, Fla.*, 871 F.2d 1037, 1041

(11th Cir. 1989)).  A cause of action under the Fifth Amendment contemplates a state actor, or a party acting under color of state law, not a private actor.  *See Jones v. Law Firm of Hill & Ponton*, 223 F. Supp. 2d 1284, 1291-92 (M.D. Fla. 2002).

## IV. ANALYSIS.

The Court finds that the Amended Complaint is due to be dismissed with prejudice against Zamora as Plaintiff has failed to correct any of the deficiencies identified in the District Court's earlier Order adopting this Court's Report and Recommendation.  Doc. No. 82.

Plaintiff believes every party involved in his apprehension, processing, and detention on an outstanding alias capias warrant related to a pending criminal case in Miami-Dade County was part of a larger conspiracy to deprive him of his constitutional rights because he believes the underlying warrant is illegal as the case was abandoned by the State.  Doc. No. 83.  Plaintiff alleges this conspiracy and abuse of process extends to his own counsel who represented him in a bond hearing before Judge Rodriguez-Fonts in Miami-Dade County.  Doc. No. 83 at 11, 83-3.  Zamora was retained to represent Plaintiff at his bond hearing in Miami-Dade County.  Doc. No. 83 at 11.  Plaintiff alleges, in conclusory fashion, that Zamora conspired with Judge Rodriguez-Fonts to require a bond on a case that was "abandoned."  Doc. No. 83 at 11.  This forms the basis for Plaintiff's claims against Zamora for conspiracy, abuse of process, and violation of his Fifth Amendment rights.  Plaintiff alleges Zamora failed to obtain charging documents for him.  Doc. No. 83 at 12.  Plaintiff alleges conspiracy because Zamora advised him that the statute of limitations had not expired in his criminal case, Case F-17-3692, even though he is "a board certified attorney and has full knowledge that [the case] was abandoned by the State."  Doc. No. 83 at 12.

Plaintiff was previously advised that his Complaint failed to state a cause of action against Zamora.  Doc. No. 73.  Plaintiff was advised that he needed to plead facts that demonstrate both an actual meeting of the minds among Defendants and a discriminatory animus or motive for depriving Plaintiff of his constitutional rights. Doc. No. 73.  Instead, Plaintiff has stated the same allegations against Zamora in his Amended Complaint that he alleged in his original Complaint. Plaintiff has not included any facts that address his conspiracy claim or Zamora's purported intention to violate his constitutional rights for discriminatory purposes.  In fact, the emails between Zamora and Plaintiff that are attached as an exhibit to the Amended Complaint seemingly contradict Plaintiff's allegations as they reflect Zamora's belief the warrant was valid, Zamora's limited representation of Plaintiff, Zamora's stated intention to advise the court he no longer represented Plaintiff based on Plaintiff's statements to him, and Zamora's notice to Plaintiff of the consequences of failing to attend an upcoming hearing.  Doc. No. 83-3.  Plaintiff apparently seized upon the latter advice to apprise Zamora he had become a co-conspirator with other Defendants and would be included in Plaintiff's federal complaint.  Doc. No. 83-3 at 4.  Plaintiff has alleged no facts to demonstrate Zamora worked in concert with any other Defendants or otherwise engaged in an abuse of process or violation of Plaintiff's constitutional rights.  Plaintiff's attempts to bolster his allegations by adding conclusory statements that Zamora conspired with Judge Rodriguez-Fonts and Miami-Dade County do not cure the obvious lack of any factual support for these allegations.  As Plaintiff has had the opportunity to correct these deficiencies and has failed to do so, the Court finds that dismissal with prejudice is appropriate as to each of the counts against Zamora.

**V.     CONCLUSION.**

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 92) be **GRANTED** and

Plaintiff's Amended Complaint be **DISMISSED with prejudice** as to Zamora.

**A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.**

Recommended in Orlando, Florida, on March 14, 2019.

*[signature]*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties