UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIMITRI PATTERSON,

     Plaintiff,

v.                                                                    Case No:  6:18-cv-950-Orl-18GJK

ORLANDO-ORANGE COUNTY,
MIAMI-DADE COUNTY, HILTON
WORLDWIDE HOLDINGS, INC.,
CORNITA RILEY, JEANETTE
BIGNEY, ALFREDO ZAMORA,
and OSCAR RODRIGUEZ-FONTS,

     Defendants.

_____

REPORT AND RECOMMENDATION

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MIAMI-DADE COUNTY'S MOTION TO DISMISS THE AMENDED COMPLAINT WITH PREJUDICE (Doc. No. 91)** |
| **FILED:** | **December 27, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

I.     <u>BACKGROUND.</u>

    On June 18, 2018, Plaintiff filed a Complaint that, read liberally, alleges that he was the

victim of an illegal arrest based on an invalid warrant.  Doc. No. 1 at 3-12.  The invalid arrest

occurred in Orange County, Florida and was executed by U.S. Marshals and Orange County law

enforcement.  Doc. No. 1 at 3-12.  Plaintiff alleges that his illegal detention continued through a

bond hearing before Judge Jeanette Bigney in Orange County, his detention in Orange County

Jail, his transfer to Turner Guilford Knight Correctional Facility ("TGK") in Miami-Dade

County, and an appearance before Judge Oscar Rodriguez-Fonts in Miami-Dade County, based

on an "abandoned" criminal case in Miami-Dade County, F-17-16392.  Doc. No. 1 at 3-12.

Plaintiff alleges all the Defendants conspired with one another to effect this illegal arrest and

detention because he is African-American and African-Americans have been subject to systemic

violations of their rights through wrongful arrests.  Doc. No. 1.   Plaintiff alleged that Defendant

Miami-Dade County ("Miami-Dade") violated his Fourth, Fifth, Eighth, Thirteenth and

Fourteenth Amendment rights, violated 42 U.S.C. §§ 1985 and 1986, and engaged in an abuse of

process.  Doc. No. 1 at 16-19.

On July 13, 2018, Defendant Miami-Dade County ("Miami-Dade") filed a Motion to

Dismiss the original Complaint in this case with prejudice.  Doc. No. 29.  On November 5, 2018,

this Court issued a Report and Recommendation recommending that the Complaint be dismissed

without prejudice as to Miami-Dade for failure to state a claim.  Doc. No. 73.  The Report and

Recommendation held:

> With respect to the allegations raised in the Complaint, *i.e.*, that two state court judges, Plaintiff's own counsel, the parent company of a hotel through an employee, Miami-Dade County, and various law enforcement and corrections officers and agencies, both state and federal, conspired to arrest and detain Plaintiff in violation of his constitutional rights, the Complaint fails to state a claim for conspiracy, violation of Plaintiff's constitutional rights, and abuse of process, as the allegations fail to allege facts that demonstrate a meeting of the minds, fail to provide any factual basis to demonstrate discriminatory animus or motive, and fail to provide facts to support an abuse of process or violation of Plaintiff's constitutional rights.  In fact, Plaintiff's allegations are in essence nothing more than a minimal recitation of the elements of various causes of action stated in a conclusory fashion which fail to satisfy the requirement that Plaintiff provide a short plain statement of the claim showing the pleader is entitled to relief.  *Twombly*, 550 U.S. at 555.

. . .

       Plaintiff's only allegation related to discriminatory animus is a conclusory statement that his factual allegations show a "pattern of practice that systematically violates the Plaintiff's and African Americans' rights, who have historically been victims of excessive force and wrongful arrests by law enforcement officers . . . . Plaintiff then incorporates that statement into his counts against each defendant and states that "Because of the acts committed . . . the Defendant caused or permitted the violation of the Plaintiff's Constitutional Rights, thereby entitling the Plaintiff to recover damages pursuant to 28 U.S.C. § 1343, 42 U.S.C. § 1985(3)." Doc. No. 1 at ¶¶ 54, 70, 88, 96, 112, 128, 136,   These *de minimus* conclusory statements in no way establish or suggest the type of invidious discriminatory animus contemplated by the courts. *Bray*, 506 U.S. at 270; *Artubel v. Colonial Bank Group, Inc.*, 2008 U.S. Dist. LEXIS 60781, at *54 (M.D. Fla. Aug. 8, 2008) (finding a vague assertion of racial motivation was insufficient to state a claim).

       Further, Plaintiff offers no factual allegations regarding a conspiracy amongst these actors or otherwise suggests factually how they conferred and acted in concert to actively deprive him of his constitutional rights.  Thus, this claim is subject to dismissal as to all defendants.  *Freyre*, 2014 U.S. Dist. LEXIS 66348, at *18.

Doc. No. 73 at 11, 13-14 (footnote omitted).  The Court made similar findings related to Plaintiff's abuse of process claim.  Doc. No. 73 at 14-15 ("Plaintiff has failed to provide any allegations that a defendant as actor misused this process initially or that there was an ulterior motive for doing so, other than stating an abuse of process occurred.")

On November 29, 2018, the District Court issued an Order adopting the Report and Recommendation, dismissing the Complaint with prejudice as to Judges Rodriguez-Fonts and Bigney, dismissing the Complaint without prejudice as to the remaining Defendants, and permitting Plaintiff to file an Amended Complaint.  Doc. No. 82.

On December 14, 2018, Plaintiff filed an Amended Complaint.  Doc. No. 83.  With respect to Miami-Dade, the Amended Complaint is virtually identical to Plaintiff's original Complaint.  *Compare* Doc. Nos. 1 and 83.  Plaintiff alleges that on May 9, 2018, "Miami-Dade

County Correctional Officers from the Turner Guilford Knight Correctional Facility (TGK),
transport[] the Plaintiff from the Orange County, Florida jail to TGK without adhering to the
Uniform Criminal Extradition Act."  Doc. No. 83 at 9-10.  Plaintiff further alleged that "TGK
received him without a valid alias capias warrant or commitment order and detained Plaintiff in
24-hour solitary confinement in the psych ward for three days."  Doc. No. 83 at 10.  Finally,
Plaintiff alleges that the next day he was told he was going to court to appear before Judge
Altfield, and Plaintiff believed he should be going to appear before Judge Rodriguez-Fonts, he
asked a corrections officer to "show me the paperwork" and the officer replied "I don't have it.
I'll show it to you when we get to the van."  Doc. No. 83 at 10.  Plaintiff then advised the
corrections officer he wasn't going anywhere until he saw the paperwork.  Doc. No. 83 at 10.

Based on these factual allegations, Plaintiff alleges that Miami-Dade violated 42 U.S.C.
§§ 1985 and 1986, Plaintiff's Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendment
rights, engaged in an abuse of process, and violated 18 U.S.C. § 242.  Doc. No. 83 at 20-26.
Plaintiff also adds a paragraph that mentions 42 U.S.C. § 1983, but Plaintiff does not allege a
cause of action based on section 1983, nor does he incorporate that paragraph into any of his
counts against Miami-Dade.  Doc. No. 83 at 3.

Plaintiff alleges that Miami-Dade conspired with Judges Rodriguez-Fonts and Bigney,
and with Orange County, to violate his constitutional rights transporting him and by "use of a
purported and invalid arrest warrant to intimidate and threaten the Plaintiff."  Doc. No. 83 at 23.
Plaintiff claims violation of his Fourth, Fifth, Eighth, and Thirteenth Amendment rights based on
his assertion that the corrections officer who transported him did not have "state mandated lawful
documentation" and that the correctional facility in Miami-Dade continued to detain him despite
having no "proper documentation" present.  Doc. No. 83 at 21-23.  Plaintiff does not suggest

what this state mandated paperwork is, nor what proper documentation TGK failed to possess. Plaintiff also alleges that his "kidnapping" in Orange County, and his being deprived of seeing an arrest warrant when he was apprehended in Orange County, were violations of his Fourteenth Amendment rights attributable to Miami-Dade.  Doc. No. 83 at 24.

On December 27, 2018, Miami-Dade filed a motion to dismiss the Amended Complaint with prejudice (the "Motion").  Doc. No. 91.  Miami-Dade argues that Plaintiff has filed virtually the same complaint against it, fails to address the deficiencies noted in the Report and Recommendation, and still fails to state a claim.  Doc. No. 91.  Miami-Dade also argues that Plaintiff improperly seeks to hold Miami-Dade vicariously liable for the allegedly unconstitutional acts of its employees.  Doc. No. 91.  On January 10, 2019, Plaintiff filed a response to the Motion.  Doc. No. 99.

## II.    <u>STANDARD OF REVIEW.</u>

"When considering a motion to dismiss for failure to state a claim, a court must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiff." *Murphy v. F.D.I.C.*, 208 F.3d 959, 962 (11th Cir. 2000) (citing *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999)).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Specifically, the factual allegations, accepted as true, must "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570).  This cannot be achieved through mere legal conclusions or recitation of the elements of a claim. *Id*. (citing *Twombly*, 550 U.S. at 555). Instead, to state a plausible claim for relief, the

plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Neither "labels and conclusions," nor "a formulaic recitation of the elements of a cause of action" will satisfy the pleading requirements. *Fox v. Florida*, 6:17-cv-192, 2017 U.S. Dist. LEXIS 88172, at *6 (M.D. Fla. May 23, 2017) (citing *Ashcroft*, 556 U.S. at 678). If the plaintiff fails to meet this pleading standard, then the complaint will be subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

A pro se plaintiff must be given at least one chance to amend a complaint before the Court dismisses the action with prejudice. *Cummings v. Cameron*, 2018 U.S. Dist. LEXIS 186050, at *4 (M.D. Fla. Oct. 31, 2018) (citing *Carter v. HSBC Mortg. Servs., Inc.*, 622 F. App'x 783, 786 (11th Cir. 2015)); *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."). Where a plaintiff has been given an opportunity to replead his complaint but fails to correct the noted deficiencies and still fails to state a claim, dismissal with prejudice is appropriate. *Cummings*, 2018 U.S. Dist. LEXIS 186050, at *4-5.

## III.   __ANALYSIS.__

Essentially, Plaintiff believes every party involved in his apprehension, processing, and detention on an outstanding warrant in a pending criminal case in Miami-Dade, which he

---

[1] The fact that Plaintiff is proceeding *pro se* does not materially alter the Court's standard of review. "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (citation omitted). In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

alternatively alleges was either invalid or not made available to him upon request, was part of a conspiracy to deprive him of his constitutional rights because he is African-American.  Doc. No. 83.  Plaintiff alleges this conspiracy and abuse of process extends to Miami-Dade and resulted in the violation of his constitutional rights.  Doc. No. 83 at 21-26.

    A.    <u>Conspiracy and Abuse of Process</u>

To the extent Plaintiff has reasserted the same causes of action for conspiracy pursuant to 42 U.S.C. §§ 1985 and 1986 and abuse of process, Plaintiff fails to state a cause of action for conspiracy and for abuse of process.  *See Marsh v. Fla. Dep't of Children & Family Servs.*, 2:06-cv-347, 2009 U.S. Dist. LEXIS 77435, at *12 (M.D. Fla. Aug. 13, 2009) (dismissing an amended complaint, "comprised mostly of multiplicative legal conclusions" which failed to make "a particularized showing" of any conspiracy, by providing any "supportive operative facts" and observing that the "Court cannot help but view Plaintiff's claims with skepticism when he perceives almost every interaction he has with any FCCC staff member as being a constitutional violation and having a discriminatory animus or stemming from a retaliatory or conspiratorial plot.").  Plaintiff has failed to correct any of the deficiencies identified in the District Court's earlier Order adopting this Court's Report and Recommendation.  Doc. No. 82.

42 U.S.C. § 1985 authorizes a cause of action against persons who conspire to interfere with civil rights.  The elements of a cause of action under § 1985 are: "(1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws . . .; and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured . . . or deprived of any right or privilege of a citizen of the United States."  *Trawinski v. United Techs.*, 313 F.3d 1295, 1299 (11th Cir. 2002).  Plaintiff must demonstrate: "(1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus (lay) behind the

conspirators' action, and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official encroachment." (Internal citations omitted). *Thames v. City of Pensacola*, 2005 U.S. Dist. LEXIS 23120, at *31-32 (N.D. Fla. Aug. 1, 2005) (quoting *Bray v. Alexandria Clinic*, 506 U.S. 263, 267-68 (1993)).

"A conspiracy is not 'for the purpose' of denying equal protection simply because it has an effect upon a protected right. The right must be '*aimed at*,' . . . ; its impairment must be a conscious objective of the enterprise." (Internal citation omitted). *Bray*, 506 U.S. at 275 (quoting *United Bhd. of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825, 833 (1983)). The "'intent to deprive of a right' requirement demands that the defendant do more than merely be aware of a deprivation of right that he causes, or more than merely accept it; he must act at least in part for the very purpose of producing it." *Bray*, 506 U.S. at 276. To the extent private actors are implicated, a plaintiff must show that the "conspiracy targeted 'rights constitutionally protected against private impairment.'" *Shaikh v. Reziqa*, 2017 U.S. Dist. LEXIS 206251, at *7 (M.D. Fla. Dec. 15, 2017) (quoting *Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304, 1312 (11th Cir. 2010)). The only rights that satisfy this are "the right to interstate travel and the right against involuntary servitude." *Id.* at 7.

To sufficiently allege a conspiracy, a plaintiff must allege the defendants "reached an understanding or agreement." *Freyre v. Hillsborough Cty. Sheriff's Office*, 2014 U.S. Dist. LEXIS 66348, at *18 (M.D. Fla. May 13, 2014). In order to satisfy this requirement, a plaintiff need not produce a smoking gun but the allegations "must contain some evidence of an agreement among the defendants" including "'particularized allegations' supporting the existence of such an agreement." *Freyre*, 2014 U.S. Dist. LEXIS 66348, at *18 (citing *Albra v. City of Ft. Lauderdale*,

232 F. App'x 885, 891 (11th Cir. 2007) and *Rowe v. City of Ft. Lauderdale*, 279 F.3d 1271, 1283-84 (11th Cir. 2002)).

"Abuse of process involves the use of criminal or civil legal process against another primarily to accomplish a purpose for which it was not designed." *Bothmann v. Harrington*, 458 So. 2d 1163, 1169 (Fla. 3d DCA 1984).   To state a claim for abuse of process, Plaintiff must allege "(1) the defendant made an illegal, improper, or perverted use of process; (2) the defendant had an ulterior motive or purpose in exercising the illegal, improper, or perverted process; and (3) the plaintiff was injured as a result of defendant's action." *Hardick v. Homol*, 795 So. 2d 1107, 1111 n.2 (Fla. 5th DCA 2001).   However, there is "no abuse of process . . . when the process is used to accomplish the result for which it was created, regardless of an incidental or concurrent motive of spite or ulterior purpose." *Bothmann*, 458 So. 2d at 1169.

Plaintiff was previously advised that his Complaint failed to state a cause of action against Miami-Dade for conspiracy and abuse of process.  Doc. No. 73.  Plaintiff was advised that he needed to plead facts that demonstrate both an actual meeting of the minds among Defendants and a discriminatory animus or motive for depriving Plaintiff of his constitutional rights. Doc. No. 73. Instead, Plaintiff has stated the same allegations against Miami-Dade in his Amended Complaint that he alleged in his original Complaint.  Plaintiff has not included any additional facts that support his conspiracy claim, his abuse of process claim, or Miami-Dade's purported intention to violate his constitutional rights for discriminatory purposes or otherwise.  Plaintiff has alleged no facts to suggest Miami-Dade worked in concert with any other Defendants or otherwise engaged in an abuse of process or violation of Plaintiff's constitutional rights other than a few singularly conclusory statements.  Further, Plaintiff has failed to allege any facts that demonstrate how Miami-Dade itself, as a separate entity, violated Plaintiff's constitutional rights.

Plaintiff's attempt to bolster his allegations against Miami-Dade by adding conclusory statements that Miami-Dade conspired with Judge Rodriguez-Fonts, Judge Bigney, and Orange County do not cure the obvious lack of any factual support for these allegations. Neither "labels and conclusions," nor "a formulaic recitation of the elements of a cause of action" will satisfy the pending requirements. *Fox*, 2017 U.S. Dist. LEXIS 88172, at *6 (citing *Ashcroft*, 556 U.S. at 678).

Finally, because Plaintiff fails to state a cause of action for conspiracy, Plaintiff also fails to state a cause of action under 42 U.S.C. § 1986. Section 1986 is derivative action of a section 1985 cause of action, the former cannot be established without the latter. *Park v. City of Atlanta*, 120 F.3d 1157, 1159-60 (11th Cir. 1997). Section 1986 provides a cause of action against anyone who has "knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses so to do." *Id.* at 1159.

B.     Plaintiff's Other Constitutional and Statutory Claims

Plaintiff again includes separate counts for violations of his Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendment rights. Doc. No. 83. Plaintiff bases each of these claims on the same facts that support his conspiracy and abuse of process claims, and alleges that either his arrest in Orange County or his transportation to and detention at TGK resulted in multiple constitutional violations. Doc. No. 83.

Plaintiff fails to state a cause of action under the Fifth Amendment because Miami-Dade is not a federal actor. The Fifth Amendment restrains the federal government from depriving any person of life, liberty, or property without due process of law. *Brown v. Correa*, 2013 U.S. Dist. LEXIS 137642, at *19 (M.D. Fla. Sept. 25, 2013) (citing *Buxton v. City of Plant City, Fla.*, 871

F.2d 1037, 1041 (11th Cir. 1989)).  Plaintiff fails to state a cause of action under the Eighth

Amendment because he is a pretrial detainee, not a convicted prisoner.  *Whitley v. Albers*, 475 U.S.

312, 318 (1986); *Ingraham v. Wright*, 430 U.S. 651, 671-72 n. 40 (1977).  Plaintiff cannot state an

independent claim under the Thirteenth Amendment.[2]  The Thirteenth Amendment protects

against involuntary servitude and slavery. U.S. Const. amend XIII § 1.  "[C]ourts throughout the

country have held that there is no private right of action under the Thirteenth Amendment." *Fox*,

2017 U.S. Dist. LEXIS 88172, at *7.  Plaintiff cannot state a cause of action pursuant to 18 U.S.C.

§ 242 as it is a criminal statute without a concomitant private right of action.  *Cuyler v. Scriven*,

6:11-cv-87, 2011 U.S. Dist. LEXIS 24091, at *10-11 (M.D, Fla. Mar. 9, 2011) (citing several cases

for the proposition that dismissal of a private claim under 18 U.S.C. § 242 is appropriate because

a private plaintiff has no authority to initiate a federal criminal prosecution).

　　　To the extent Plaintiff attempts to allege violations of the Fourth and Fourteenth

Amendment, Plaintiff fails to satisfy the requirement that he state a cause of action based on the

policies or procedures of the municipality versus actions of individual officers.[3]  Plaintiff does not

expressly state a cause of action under § 1983, but he includes a reference to the statute in his

---

[2] Plaintiff could state a cause of action for violation of the Thirteenth Amendment as part of a conspiracy claim under § 1985.  *Lake Lucerne Civic Ass'n v. Dolphin Stadium Corp.*, 801 F. Supp. 684, 701 (S.D. Fla. 1992).  However, as discussed *supra*, Plaintiff fails to state a cause of action for conspiracy.  Further, a claim of violation of the Thirteenth Amendment requires a plaintiff to allege that he was forced to perform labor involuntarily, Plaintiff has not done so. *See, e.g., Arnold v. Bd. of Educ.*, 880 F.2d 305, 315 (11th Cir. 1989), *abrogation on other grounds recognized by Seann v. S. Health Partners, Inc.*, 388 F.3d 834, 837 (11th Cir. 2004), *overruling on other grounds recognized by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010); *see also Greenberg v. Zingale*, 138 F. App'x 197, 200 (11th Cir. 2005).

[3] While the Court did not specifically rule on this issue with respect to Plaintiff's Complaint, Miami-Dade raised the argument in its motion to dismiss the original complaint that Plaintiff failed to properly state a cause of action against Miami-Dade and that Plaintiff improperly sought to impose liability vicariously on Miami-Dade as an employer, not as an independent actor.  Doc. No. 29.  The Court did not address this argument because Plaintiff made no mention of § 1983 in his original Complaint.  Doc. No. 1.  Despite Miami-Dade's argument regarding the pleading requirements for a municipality, Plaintiff does nothing more that identify § 1983 in a paragraph of the Amended Complaint, and makes no attempt to state a cause of action under the statute against Miami-Dade.  Doc. No. 83.  Given, Plaintiff's underlying allegations, it does not appear he can do so.  Doc. No. 83.

Amended Complaint.  Doc. No. 83.

The Fourth Amendment provides that the right of people to be secure against unreasonable searches and seizures shall not be violated.  U.S. Const. amend. IV.   A Fourth Amendment claim is generally based on a warrantless arrest, but may also be predicated on a deprivation of liberty after legal process has commenced.  *See Manuel v. City of Joliet*, 137 S. Ct. 911, 918-20 (2017).  A Fourth Amendment claim contemplates an arrest with an absence of probable cause.  *Id.* at 918.  Where an arrest allegedly violates state law, that arrest does not give rise to a Fourth Amendment violation.  *Swartzel v. Sheriff of Columbia Cty.*, 3:17-cv-224, 2017 U.S. Dist. LEXIS 181856, at *5 (M.D. Fla. Oct. 17, 2017) adopted by, in part, rejected by, in part, dismissed by, in part, remanded by *Swartzel v. Hunter*, 2017 U.S. Dist. LEXIS 181015 (M.D. Fla. Nov. 1, 2017) (citing *Virginia v. Moore*, 553 U.S. 164, 166 (2008) and *Knight v. Jacobson*, 300 F.3d 1272, 1276 (11th Cir. 2002)).  The Fourteenth Amendment restrains states from denying any person within their jurisdiction the equal protection of the laws.  U.S. Const. amend XIV § 1; *Buxton v. Plant City*, 871 F.2d 1037, 1041 (11th Cir. 1989).

"The Supreme Court has placed strict limitations on municipal liability" under § 1983 and such liability may not be based on the doctrine of respondeat superior.  *Grech v. Clayton Cty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 694 (1978)).   "Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury."  *Creedle v. Miami-Dade Cty.*, 349 F. Supp. 3d 1276, 1308 (S.D. Fla. 2018) (quoting *Connick v. Thompson*, 563 U.S. 51, 60-61 (2011); *Monell*, 436 U.S. at 691, 694.  In order to allege a *Monell* policy or practice claim, a plaintiff has to plead factual content that allows the court to reasonably infer that the county maintained a policy, custom, or practice that contributed to the alleged constitutional

violation." *Id.*  Plaintiff does not plead a § 1983 claim *per se*.  However, to the extent that Plaintiff's Amended Complaint can be read to state a claim under § 1983, that claim must fail.

Plaintiff alleges that actions of corrections officers in Miami-Dade, and officers in Orange County during his arrest, violated his Fourth and Fourteenth Amendment rights.  Plaintiff's allegations include violation of his Fourteenth Amendment rights in Orange County because he was "deprived of seeing an arrest warrant for his illegal arrest" and he was "kidnapped from a Hotel restroom." Doc. No. 83 at 24.  Neither of these allegations in any way addresses a policy or practice of Miami-Dade.  Further, Plaintiff's underlying claim is that the warrant used to arrest him was invalid or not shown to him, not that there was a pattern, policy or practice in Miami-Dade that violated his constitutional right.  Doc. No. 83.   With regard to alleged violations occurring at the time of his arrest, Plaintiff alleges the arrest was conducted by officers from Orange County and the U.S. Marshals' office, not any law enforcement officers from Miami-Dade County.  Doc. No. 83.  Plaintiff's conclusory allegation that his outstanding warrant and other paperwork was invalid or unavailable to him, or that he was transported in violation of the "Uniform Criminal Extradition Act," (Doc. No. 83 at 10), fails to demonstrate that Miami-Dade violated his constitutional rights when corrections officers transported him from the Orange County Jail to TGK, processed him, and took him to appear before the Miami-Dade court for a bond hearing.[4] *Id.*  Thus, to the extent Plaintiff seeks to state a claim against Miami Dade pursuant to section 1983 and the Fourth and Fourteenth Amendments, his claim fails.

---

[4] Miami-Dade attached a copy of the docket in the underlying criminal case, 2017-CV-16392 (which is also referenced in Plaintiff's Amended Complaint (Doc. No. 83-4)), which reflects Plaintiff's bond was revoked for a failure to appear and Plaintiff's counsel filed a Motion to Set Aside the Alias Capias and Set Bond on May 9, 2018 and a Motion to Quash Warrant was filed on May 10, 2018.  Doc. No. 91-1 at 5.  The docket also reflects that the underlying criminal case continues to be actively litigated.  Doc. No. 91-1.  Further, the docket reflects that Plaintiff is currently being held on no bond as of November 1, 2018 as his last bond issued, on May 11, 2018, was revoked. Doc. No. 91-1 at 2, 4.

Plaintiff's Fourth Amendment allegations suffer an additional deficiency as he alleges that his transport and continued detention in TGK was based on a lack of "state mandated" paperwork. Doc. No. 83 at 21-26.  To the extent Plaintiff points to a violation of state law, Plaintiff fails to state a claim under the Fourth Amendment.  His allegations are not that there was no probable cause to transport him to or detain him at TGK, instead Plaintiff alleges that state mandated paperwork was not present or he was not permitted to see it.  *See Swartzel*, 2017 U.S. Dist. LEXIS 181856, at *5 (citing *Virginia v. Moore*, 553 U.S. 164, 166 (2008) and *Knight v. Jacobson*, 300 F.3d 1272, 1276 (11th Cir. 2002)).  This does not state a claim for a violation of federal law.

Based on the foregoing, the Court finds that dismissal with prejudice is appropriate as to each of the remaining counts against Miami-Dade for failure to state a claim.

## V.    CONCLUSION.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 91) be **GRANTED** and Plaintiff's Amended Complaint be **DISMISSED with prejudice** as to Miami-Dade.

**A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.**

Recommended in Orlando, Florida, on April 3, 2019.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Parties