**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DIMITRI PATTERSON,**

    **Plaintiff,**

v.                                                  **Case No:  6:18-cv-950-Orl-18GJK**

**ORLANDO-ORANGE COUNTY,**
**MIAMI-DADE COUNTY, HILTON**
**WORLDWIDE HOLDINGS, INC.,**
**CORNITA RILEY, JEANETTE**
**BIGNEY, ALFREDO ZAMORA,**
**and OSCAR RODRIGUEZ-FONTS,**

    **Defendants.**

---

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS COMPLAINT WITH PREJUDICE** (Doc. No. 95) |
| **FILED:** | **December 27, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

**I.  BACKGROUND.**

On July 19, 2018, Defendant Hilton Worldwide Holdings, Inc. ("Hilton") filed a Motion to Dismiss the original Complaint in this case.  Doc. No. 37.  On November 5, 2018, this Court issued a Report and Recommendation recommending that the Complaint be dismissed without prejudice as to Hilton for failure to state a claim.  Doc. No. 73.  The Report and Recommendation found:

> With respect to the allegations raised in the Complaint, *i.e.*, that two state court judges, Plaintiff's own counsel, the parent company of a hotel through an employee, Miami-Dade County, and various law enforcement and corrections officers and agencies, both state and federal, conspired to arrest and detain Plaintiff in violation of his constitutional rights, the Complaint fails to state a claim for conspiracy, violation of Plaintiff's constitutional rights, and abuse of process, as the allegations fail to allege facts that demonstrate a meeting of the minds, fail to provide any factual basis to demonstrate discriminatory animus or motive, and fail to provide facts to support an abuse of process or violation of Plaintiff's constitutional rights. In fact, Plaintiff's allegations are in essence nothing more than a minimal recitation of the elements of various causes of action stated in a conclusory fashion which fail to satisfy the requirement that Plaintiff provide a short plain statement of the claim showing the pleader is entitled to relief. *Twombly*, 550 U.S. at 555.
>
> . . .
>
> Plaintiff's only allegation related to discriminatory animus is a conclusory statement that his factual allegations show a "pattern of practice that systematically violates the Plaintiff's and African Americans' rights, who have historically been victims of excessive force and wrongful arrests by law enforcement officers . . . . Plaintiff then incorporates that statement into his counts against each defendant and states that "Because of the acts committed . . . the Defendant caused or permitted the violation of the Plaintiff's Constitutional Rights, thereby entitling the Plaintiff to recover damages pursuant to 28 U.S.C. § 1343, 42 U.S.C. § 1985(3)." Doc. No. 1 at ¶¶ 54, 70, 88, 96, 112, 128, 136,    These *de minimus* conclusory statements in no way establish or suggest the type of invidious discriminatory animus contemplated by the courts. *Bray*, 506 U.S. at 270; *Artubel v. Colonial Bank Group, Inc.*, 2008 U.S. Dist. LEXIS 60781, at *54 (M.D. Fla. Aug. 8, 2008) (finding a vague assertion of racial motivation was insufficient to state a claim).
>
> Further, Plaintiff offers no factual allegations regarding a conspiracy amongst these actors or otherwise suggests factually how they conferred and acted in concert to actively deprive him of his constitutional rights. Thus, this claim is subject to dismissal as to all defendants. *Freyre*, 2014 U.S. Dist. LEXIS 66348, at *18.

Doc. No. 73 at 11, 13-14 (footnote omitted). The Court made similar findings related to Plaintiff's abuse of process claim. Doc. No. 73 at 14-15 ("Plaintiff has failed to provide any allegations that

a defendant as actor misused this process initially or that there was an ulterior motive for doing so, other than stating an abuse of process occurred.").

On November 29, 2018, the District Court issued an Order adopting the Report and Recommendation, dismissing the Complaint with prejudice as to Judges Rodriguez-Fonts and Bigney, dismissing the Complaint without prejudice as to the remaining Defendants, and permitting Plaintiff to file an Amended Complaint.  Doc. No. 82.

On December 14, 2018, Plaintiff filed an Amended Complaint.  Doc. No. 83.  With respect to Hilton, the Amended Complaint is virtually identical to Plaintiff's original Complaint save one new factual allegation and one new cause of action.[1]  *Compare* Doc. Nos. 1 and 83.  Plaintiff alleges that he and his girlfriend checked into the Waldorf-Astoria on May 3, 2018. Doc. No. 83 at 7.  Plaintiff now includes a new allegation that at some point between May 3, 2018 and May 7, 2018, when he was arrested, "the Waldorf Astoria Hotel released private hotel guest information in an attempt to conspire with U.S. Marshal[]s for the illegal kidnapping of [Plaintiff]."  Doc. No. 83 at 7.  Plaintiff then recounts that U.S. Marshals and Orange County law enforcement "kidnapped" him from the Waldorf Astoria Hotel's pool bathroom without presenting a "valid warrant or adher[ing] to the Uniform Criminal Extradition Act."  Doc. No. 83 at 7.  Plaintiff alleges that he was taken to a security video room inside the hotel, that a hotel employee blocked the entrance to the pool bathroom while he was being kidnapped, and that the employee "diligently and zealously assisted" law enforcement without proof of a valid warrant. Doc. No. 83 at 8.  Plaintiff also alleges he was taken from the pool bathroom to the parking lot behind the hotel and held handcuffed on the ground between two parked unmarked vehicles. Doc. No. 83 at 8.  Plaintiff alleges that when his girlfriend confronted the hotel manager about

---

[1] Plaintiff has also removed his abuse of process claim against Hilton.

- 3 -

the incident, he stated "he knew nothing about the incident and had no documentation from the law enforcement officers." Doc. No. 83 at 8. Plaintiff has alleged that Hilton is "the parent company of the Waldorf Astoria Hotel in Orlando, FL, and is being sued as a person." Doc. No. 83 at 2.

Based on these factual allegations, Plaintiff alleges that Hilton violated 42 U.S.C. §§ 1985 and 1986, and Plaintiff's Fourth, Fifth, and Eighth Amendment rights. Doc. No. 83 at 18-20. Plaintiff alleges that Hilton conspired "with Orange County, Florida Sheriff's Department to kidnap Plaintiff." Doc. No. 83 at 18. Plaintiff alleges that Hilton violated the Fourth Amendment by giving "private information to Orange County Sheriffs and U.S. Marshalls [sic] in furtherance to allow defendant[s] to conduct an illegal and unlawful arrest." Doc. No. 83 at 19. Plaintiff alleges Hilton violated the Fifth Amendment by permitting the "kidnap of Plaintiff without verification of a valid and executed warrant." Doc. No. 83 at 20. Plaintiff alleges Hilton violated the Eighth Amendment by assisting in the kidnapping of Plaintiff and transporting him to Orange County Jail without probable cause. Doc. No. 83 at 20.

On December 28, 2018, Hilton filed a motion to dismiss the Amended Complaint with prejudice (the "Motion"). Doc. No. 95. Hilton argues that Plaintiff fails to state a cause of action against it as a parent corporation of Waldorf Astoria where there are no allegations Hilton acted through its subsidiary that would justify piercing the corporate veil. Doc. No. 95. Hilton also argues that Plaintiff has not corrected any of the deficiencies from his first Complaint and that he cannot maintain a cause of action against Hilton under the Fourth, Fifth, or Eighth Amendments. Doc. No. 95. On January 10, 2019, Plaintiff filed a response to the Motion. Doc. No. 102.

## II.     STANDARD OF REVIEW.

"When considering a motion to dismiss for failure to state a claim, a court must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiff." *Murphy v. F.D.I.C.*, 208 F.3d 959, 962 (11th Cir. 2000) (citing *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999)).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Specifically, the factual allegations, accepted as true, must "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570).  This cannot be achieved through mere legal conclusions or recitation of the elements of a claim. *Id.* (citing *Twombly*, 550 U.S. at 555). Instead, to state a plausible claim for relief, the plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  If the plaintiff fails to meet this pleading standard, then the complaint will be subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]

A pro se plaintiff must be given at least one chance to amend a complaint before the Court dismisses the action with prejudice. *Cummings v. Cameron*, 6:17-cv-1897, 2018 U.S. Dist. LEXIS 186050, at *4 (M.D. Fla. Oct. 31, 2018) (citing *Carter v. HSBC Mortg. Servs., Inc.*, 622 F. App'x

---

[2] The fact that Plaintiff is proceeding *pro se* does not materially alter the Court's standard of review. "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (citation omitted). In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

783, 786 (11th Cir. 2015)); *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."). Where a plaintiff has been given an opportunity to replead his complaint but fails to correct the noted deficiencies and still fails to state a claim, dismissal with prejudice is appropriate. *Cummings*, 2018 U.S. Dist. LEXIS 186050, at *4-5.

### III.  ANALYSIS.

Essentially, Plaintiff believes every party involved in his apprehension, processing, and detention on an outstanding warrant in a pending criminal case in Miami-Dade County, which he alternatively alleges was either invalid or not made available to him upon request, was part of a conspiracy to deprive him of his constitutional rights because he is African-American. Doc. No. 83.  Plaintiff alleges this conspiracy extends to Hilton and resulted in the violation of his constitutional rights.  Doc. No. 83 at 21-26.

#### A.  Conspiracy

To the extent Plaintiff has reasserted the same causes of action for conspiracy pursuant to 42 U.S.C. §§ 1985 and 1986, Plaintiff fails to state a cause of action. *See Marsh v. Fla. Dep't of Children & Family Servs.*, 2:06-cv-347, 2009 U.S. Dist. LEXIS 77435, at *12 (M.D. Fla. Aug. 13, 2009) (dismissing an amended complaint, "comprised mostly of multiplicative legal conclusions" which failed to make "a particularized showing" of any conspiracy, by providing any "supportive operative facts" and observing that the "Court cannot help but view Plaintiff's claims with skepticism when he perceives almost every interaction he has with any FCCC staff member as being a constitutional violation and having a discriminatory animus or stemming from a

retaliatory or conspiratorial plot."). Plaintiff has failed to correct the deficiencies identified in the District Court's earlier Order adopting this Court's Report and Recommendation. Doc. No. 82.

42 U.S.C. § 1985 authorizes a cause of action against persons who conspire to interfere with civil rights. The elements of a cause of action under § 1985 are: "(1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws . . .; and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured . . . or deprived of any right or privilege of a citizen of the United States." *Trawinski v. United Techs.*, 313 F.3d 1295, 1299 (11th Cir. 2002). Plaintiff must demonstrate: "(1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus (lay) behind the conspirators' action, and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official encroachment." (Internal citations omitted). *Thames v. City of Pensacola*, No. 3:03-cv-586, 2005 U.S. Dist. LEXIS 23120, at *31-32 (N.D. Fla. Aug. 1, 2005) (quoting *Bray v. Alexandria Clinic*, 506 U.S. 263, 267-68 (1993)).

"A conspiracy is not 'for the purpose' of denying equal protection simply because it has an effect upon a protected right. The right must be '*aimed at*,' . . . ; its impairment must be a conscious objective of the enterprise." (Internal citation omitted). *Bray*, 506 U.S. at 275 (quoting *United Bhd. of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825, 833 (1983)). The "'intent to deprive of a right' requirement demands that the defendant do more than merely be aware of a deprivation of right that he causes, or more than merely accept it; <u>he must act at least in part for the very purpose of producing it.</u>" *Bray*, 506 U.S. at 276. To the extent private actors are implicated, a plaintiff must show that the "conspiracy targeted 'rights constitutionally protected against private impairment.'" *Shaikh v. Reziqa*, No. 6:17-cv-367, 2017 U.S. Dist. LEXIS 206251, at *7 (M.D. Fla. Dec. 15, 2017) (quoting *Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304, 1312

(11th Cir. 2010)).  The only rights that satisfy this are "the right to interstate travel and the right against involuntary servitude." *Id.* at 7.

To sufficiently allege a conspiracy, a plaintiff must allege the defendants "reached an understanding or agreement." *Freyre v. Hillsborough Cty. Sheriff's Office*, No. 8:13-cv-2873, 2014 U.S. Dist. LEXIS 66348, at *18 (M.D. Fla. May 13, 2014).  In order to satisfy this requirement, a plaintiff need not produce a smoking gun but the allegations "must contain some evidence of an agreement among the defendants" including "'particularized allegations' supporting the existence of such an agreement." *Freyre*, 2014 U.S. Dist. LEXIS 66348, at *18 (citing *Albra v. City of Ft. Lauderdale*, 232 F. App'x 885, 891 (11th Cir. 2007) and *Rowe v. City of Ft. Lauderdale*, 279 F.3d 1271, 1283-84 (11th Cir. 2002)).

Plaintiff was previously advised that his Complaint failed to state a cause of action against Hilton for conspiracy.  Doc. No. 73.  Plaintiff was advised that he needed to plead facts that demonstrate both an actual meeting of the minds among Defendants and a discriminatory animus or motive for depriving Plaintiff of his constitutional rights. Doc. No. 73.  Instead, Plaintiff has stated the same allegations against Hilton in his Amended Complaint that he alleged in his original Complaint.  Plaintiff has included only one additional allegation, that the Waldorf-Astoria released private guest information in an attempt to conspire with U.S. Marshals.  Doc. No. 83 at 7.  Plaintiff has alleged no facts to suggest Hilton worked in concert with any other Defendants in violation of Plaintiff's constitutional rights other than this conclusory statement, nor has Plaintiff alleged facts in support of his claim of discriminatory animus.  Plaintiff's attempt to bolster his allegations with conclusory factual statements does not cure the obvious lack of any factual support for these allegations.  Neither "labels and conclusions," nor "a formulaic recitation of the elements of a

cause of action" will satisfy the pending requirements. *Fox*, 2017 U.S. Dist. LEXIS 88172, at *6 (citing *Ashcroft*, 556 U.S. at 678).

Finally, because Plaintiff fails to state a cause of action for conspiracy, Plaintiff also fails to state a cause of action under 42 U.S.C. § 1986. Section 1986 is derivative action of a section 1985 cause of action, the former cannot be established without the latter. *Park v. City of Atlanta*, 120 F.3d 1157, 1159-60 (11th Cir. 1997). Section 1986 provides a cause of action against anyone who has "knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses so to do." *Id.* at 1159.

### B. Plaintiff's Other Constitutional Claims

In addition to his conspiracy claim, Plaintiff again includes separate counts against Hilton for violation of his Fourth, Fifth, and Eighth Amendment rights.[3] Doc. No. 83. Plaintiff bases each of these claims on the same facts that support his conspiracy claim. Doc. No. 83.

The Fourth and Fifth Amendments require state action by state actors to be triggered. *Mills v. Verizon*, No. 8:08-cv-434, 2008 U.S. Dist. LEXIS 80811, at *7 (M.D. Fla. Sept. 23, 2008). The Fourth Amendment provides that the right of people to be secure against unreasonable searches and seizures shall not be violated. U.S. Const. amend. IV. A Fourth Amendment claim is generally based on a warrantless arrest and contemplates an arrest with an absence of probable cause. *See Manuel v. City of Joliet*, 137 S. Ct. 911, 918-20 (2017). The Fifth Amendment restrains the federal government from depriving any person of life, liberty, or property without due process of law. *Brown v. Correa*, No. 8:13-cv-49, 2013 U.S. Dist. LEXIS 137642, at *19 (M.D. Fla. Sept.

---

[3] The heading for the section of causes of action against Hilton also indicates violations of the Thirteenth and Fourteenth Amendment, but Plaintiff does not include separate causes of action for those constitutional protections. Doc. No. 83 at 18-20.

25, 2013) (citing *Buxton v. City of Plant City, Fla.*, 871 F.2d 1037, 1041 (11th Cir. 1989)).  The Eighth Amendment applies to convicted prisoners, not pretrial detainees.  *Whitley v. Albers*, 475 U.S. 312, 318 (1986); *Ingraham v. Wright*, 430 U.S. 651, 671-72 n. 40 (1977).  As Plaintiff is not a convicted prisoner, he cannot state a cause of action under the Eighth Amendment.  Doc. No. 83 at 3.

Plaintiff alleges a violation of the Fourth Amendment against Hilton based on "Defendants giving private information to Orange County Sheriffs and U.S. Marshalls [sic] in furtherance to allow defendant[s] to conduct an illegal and unlawful arrest is a violation of the Plaintiffs [sic] [Fourth] Amendment rights."  Doc. No. 83 at 19.  Plaintiff alleges Hilton violated his Fifth Amendment rights by permitting him to be kidnapped by law enforcement.  Doc. No. 83 at 20.

Hilton is a private party, not a government actor.  Doc. No. 83 at 2.  As such, Plaintiff cannot maintain an independent action against Hilton for violation of his Fourth and Fifth Amendment rights.  *Mills*, 2008 U.S. Dist. LEXIS 80811, at *7.  There are, however, circumstances under which a private person can be considered a state actor.  The Eleventh Circuit has three tests for determining whether a private person can be a state actor for the purpose of constitutional violations:  "(1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test."  *Nat'l Broad. Co. v. Comm'ns Workers of Am.*, 860 F.2d 1022, 1026 (11th Cir. 1988).  The only test applicable based on the facts alleged by Plaintiff would be the nexus/joint action test.  *Id.* "To find state action under this test, a court must determine that the State had so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise."  *Id.* at 1026-27.  "Such a finding requires that the governmental body and the private party are intertwined in a 'symbiotic relationship.'"  *Ridley v. Stewart*, No. 3:07-cv-1173, 2008 U.S. Dist. LEXIS 32463, at *10 (M.D. Fla. Mar. 5, 2008) (quoting *Jackson v. Metro. Edison*

*Co.*, 419 U.S. 345, 357 (1974)). "Mere conclusory allegations are insufficient to establish state action through joint action." *Kirkland v. Mosaic Fertilizer, LLC*, No. 8:14-cv-1715, 2015 U.S. Dist. LEXIS 56075, at *9-10 (M.D. Fla. Apr. 29, 2015).[4]

The allegations in Plaintiff's Amended Complaint do not remotely suggest the kind of joint action with state actors that would subject Hilton to liability. Doc. No. 83. Plaintiff alleges that the Waldorf-Astoria provided private information "in furtherance of a conspiracy," Plaintiff's arrest took place at the Waldorf-Astoria, and Hilton permitted him to be detained and arrested on the Waldorf-Astoria's property. Doc. No. 83. Plaintiff does not allege an ongoing relationship, or other interdependent status, between Hilton and the state, or between the Waldorf-Astoria and the state for that matter, which would rise to the level of the symbiotic relationship contemplated by the Eleventh Circuit. *Nat'l Broad. Co.*, 860 F.2d at 1026; *Ridley*, 2008 U.S. Dist. LEXIS 32463, at *10.

The facts alleged suggest this was an arrest based on a criminal warrant issued in Miami-Dade County that occurred at a location where Plaintiff *happened to be*, not an arrest that arose out of an ongoing relationship between the hotel and law enforcement. *See Kirkland*, 2015 U.S. Dist. LEXIS 56075, at *10-12 (where defendant had arrangement with off-duty officers to enforce defendant's policy of keeping the public off of its property, plaintiffs' claim for unlawful arrest survived motion to dismiss); *see also Rayburn ex. rel. Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001) ("the symbiotic relationship must involve the 'specific conduct of which the

---

[4] This tests applies equally to a claim against a private actor under 42 U.S.C. § 1983, so that any claim under that statute against Hilton would necessarily fail as well. *Kirkland*, 2015 U.S. Dist. LEXIS 56075, at *10. Plaintiff references 42 U.S.C. § 1983 in his allegations but in no way attempts to state a cause of action under this statute. Doc. No. 83 at 3. Mere reference to a law is insufficient and the "Court has no obligation to hypothesize a federal claim," even considering Plaintiff's *pro se* status. *Chinnici v. Warner*, No. 8:14-cv-1357, 2014 U.S. Dist. LEXIS 78922, at *2-4 (M.D. Fla. June 10, 2014). Regardless, a claim under § 1983 would fail for the same reasons provided above.

plaintiff complains.") (internal quotations omitted).  As such, Plaintiff fails to state a claim against Hilton for violation of his Fourth Amendment rights under an alternate theory of joint action/nexus.

Additionally, Plaintiff alleges Hilton is the parent corporation of the Waldorf-Astoria but Plaintiff has alleged no acts committed by, or at the direction of, Hilton acting through the Waldorf-Astoria, that would justify piercing the corporate veil.  Docs. No. 83 at 7-8; 95 at 4.  Generally, parent corporations are not liable for their subsidiaries' acts as corporations are "separate, free-standing" entities.  *Brown v. Family Dollar Corp.*, No. 6:17-cv-1521, 2018 U.S. Dist. LEXIS 81204, at *4 (M.D. Fla. May 15, 2018) (citing *United States v. Bestfoods*, 524 U.S. 51, 61 (1998)). "Florida law allows a party to pierce the corporate veil and hold a parent corporation liable for its subsidiary's actions if it can demonstrate first, 'that the subsidiary was a mere instrumentality of the parent,' and second 'that the parent engaged in improper conduct through its organization or use of the subsidiary.'"  *Seb S.A. v. Sunbeam Corp.*, 148 F. App'x 774, 800 (11th Cir. 2005) (quoting *Johnson Enters. of Jacksonville v. Fpl Grp.*, 162 F.3d 1290, 1320 (11th Cir. 1998)).  To establish the requisite wrongdoing, there has to be an allegation that the subsidiary was a mere device or sham to accomplish some ulterior purpose or to evade a statute or accomplish fraud or an illegal purpose.  *Johnson Enters. of Jacksonville*, 162 F.3d at 1320.  Plaintiff has not alleged any facts that suggest Hilton used the Waldorf-Astoria as a mere instrumentality to engage in improper conduct, Plaintiff has only alleged that Hilton is Waldorf-Astoria's parent corporation.  Doc. No. 83.  This is insufficient to state a cause of action against Hilton.  *Brown*, 2018 U.S. Dist. LEXIS 81204, at *5-6 (dismissing complaint with prejudice where Plaintiff only alleged that the parent corporation owned and controlled the subsidiary and the underlying claim involved the actions of the subsidiary's individual employees).  Plaintiff's factual allegations, involving the actions of an individual employee of Waldorf-Astoria, do not establish a plausible basis to pierce

the corporate veil. Thus, the Amended Complaint may also be dismissed with prejudice on this basis.

## IV. <u>CONCLUSION</u>.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 95) be **GRANTED** and Plaintiff's Amended Complaint be **DISMISSED with prejudice** as to Hilton.

**A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.**

Recommended in Orlando, Florida, on April 16, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties