**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DIMITRI PATTERSON,**

    **Plaintiff,**

v.                                                       **Case No: 6:18-cv-950-Orl-18GJK**

**ORLANDO-ORANGE COUNTY,**
**MIAMI-DADE COUNTY, HILTON**
**WORLDWIDE HOLDINGS, INC.,**
**CORNITA RILEY, JEANETTE**
**BIGNEY, ALFREDO ZAMORA,**
**and OSCAR RODRIGUEZ-FONTS,**

    **Defendants.**

---

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT, CORNITA RILEY'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE (Doc. No. 94)** |
| **FILED:** | **December 28, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

I. **BACKGROUND.**

On June 18, 2018, Plaintiff filed a Complaint that, read liberally, alleges that he was the victim of an illegal arrest based on an invalid warrant. Doc. No. 1 at 3-12. The invalid arrest occurred in Orange County, Florida and was executed by U.S. Marshals and Orange County law enforcement. Doc. No. 1 at 3-12. Plaintiff alleges that his illegal detention continued through a bond hearing before Judge Jeanette Bigney in Orange County, his detention in Orange County

Jail, his transfer to Turner Guilford Knight Correctional Facility ("TGK") in Miami-Dade County, and an appearance before Judge Oscar Rodriguez-Fonts in Miami-Dade County, based on an "abandoned" criminal case in Miami-Dade County, F-17-16392.  Doc. No. 1 at 3-12. Plaintiff alleges all the Defendants conspired with one another to effect this illegal arrest and detention because he is African-American and African-Americans have been subject to systemic violations of their rights through wrongful arrests.  Doc. No. 1.   Plaintiff alleged that Defendant Cornita Riley ("Riley") violated his Fourth, Fifth, Eighth, Thirteenth and Fourteenth Amendment rights, violated 42 U.S.C. §§ 1985 and 1986, and engaged in an abuse of process.  Doc. No. 1 at 20-24.

On August 29, 2018, Riley filed a Motion to Dismiss the original Complaint in this case with prejudice.  Doc. No. 60.  On November 5, 2018, this Court issued a Report and Recommendation recommending that the Complaint be dismissed without prejudice as to Riley for failure to state a claim.  Doc. No. 73.  The Report and Recommendation found:

> With respect to the allegations raised in the Complaint, *i.e.*, that two state court judges, Plaintiff's own counsel, the parent company of a hotel through an employee, Miami-Dade County, and various law enforcement and corrections officers and agencies, both state and federal, conspired to arrest and detain Plaintiff in violation of his constitutional rights, the Complaint fails to state a claim for conspiracy, violation of Plaintiff's constitutional rights, and abuse of process, as the allegations fail to allege facts that demonstrate a meeting of the minds, fail to provide any factual basis to demonstrate discriminatory animus or motive, and fail to provide facts to support an abuse of process or violation of Plaintiff's constitutional rights.  In fact, Plaintiff's allegations are in essence nothing more than a minimal recitation of the elements of various causes of action stated in a conclusory fashion which fail to satisfy the requirement that Plaintiff provide a short plain statement of the claim showing the pleader is entitled to relief. *Twombly*, 550 U.S. at 555.
>
> . . .

> Plaintiff's only allegation related to discriminatory animus is a conclusory statement that his factual allegations show a "pattern of practice that systematically violates the Plaintiff's and African Americans' rights, who have historically been victims of excessive force and wrongful arrests by law enforcement officers . . . . Plaintiff then incorporates that statement into his counts against each defendant and states that "Because of the acts committed . . . the Defendant caused or permitted the violation of the Plaintiff's Constitutional Rights, thereby entitling the Plaintiff to recover damages pursuant to 28 U.S.C. § 1343, 42 U.S.C. § 1985(3)." Doc. No. 1 at ¶¶ 54, 70, 88, 96, 112, 128, 136,   These *de minimus* conclusory statements in no way establish or suggest the type of invidious discriminatory animus contemplated by the courts. *Bray*, 506 U.S. at 270; *Artubel v. Colonial Bank Group, Inc.*, 2008 U.S. Dist. LEXIS 60781, at *54 (M.D. Fla. Aug. 8, 2008) (finding a vague assertion of racial motivation was insufficient to state a claim).
>
> Further, Plaintiff offers no factual allegations regarding a conspiracy amongst these actors or otherwise suggests factually how they conferred and acted in concert to actively deprive him of his constitutional rights. Thus, this claim is subject to dismissal as to all defendants. *Freyre*, 2014 U.S. Dist. LEXIS 66348, at *18.

Doc. No. 73 at 11, 13-14 (footnote omitted). The Court made similar findings related to Plaintiff's abuse of process claim. Doc. No. 73 at 14-15 ("Plaintiff has failed to provide any allegations that a defendant as actor misused this process initially or that there was an ulterior motive for doing so, other than stating an abuse of process occurred.")

On November 29, 2018, the District Court issued an Order adopting the Report and Recommendation, dismissing the Complaint with prejudice as to Judges Rodriguez-Fonts and Bigney, dismissing the Complaint without prejudice as to the remaining Defendants, and permitting Plaintiff to file an Amended Complaint. Doc. No. 82.

On December 14, 2018, Plaintiff filed an Amended Complaint. Doc. No. 83. With respect to the factual allegations related to Riley, the Amended Complaint is identical to Plaintiff's original Complaint. *Compare* Doc. Nos. 1 at 8-10 and 83 at 9-11. Plaintiff alleges

that on May 8, 2018, "following Judge Bigney's bond hearing, the Orlando-Orange County Jail refuses to release the Plaintiff and illegally detains him on a 'no bond' hold without the legal chain of documentation." Doc. No. 83 at 9. Plaintiff further alleged that "On May 8, 2018, . . . Ms. Thabet notifies Cornita Riley, Director of the Orange County, Florida Department of Corrections via email, making her aware of the Plaintiff being illegally detained. The Plaintiff's mother also emails Chief Cornita Riley . . . informing her of the Plaintiff being illegally received and detained." Doc. No. 83 at 9. Finally, Plaintiff alleges that "On May 10, 2018, Deputy Chief Anthony Watts, on behalf of Chief Cornita Riley, responds via email to the Plaintiff's mother . . . stating that, "Based on our agency's review of your concerns, it was determined the appropriate documentation was submitted by the arresting agency. However, at this time Dimitri Patterson is no longer in our custody and has been transferred to the Miami-Dade County Jail." Doc. Nos. 83 at 10-11, 83-2.

Based on these factual allegations, Plaintiff alleges that Riley, in her individual and official capacity, violated 42 U.S.C. §§ 1985 and 1986, 18 U.S.C. § 242, his Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendment rights, and engaged in an abuse of process. Doc. No. 83 at 32-37. Plaintiff also adds a paragraph that mentions 42 U.S.C. § 1983, but Plaintiff does not allege a cause of action based on section 1983, nor does he incorporate that paragraph into any of his counts against Riley. Doc. No. 83 at 3.

Plaintiff alleges that Riley conspired with Hilton, Judge Bigney, Orange County and Miami-Dade County to kidnap him and illegally detain him in violation of his constitutional rights. Doc. No. 83 at 33. Plaintiff claims violation of his Fourth Amendment rights "because of the acts committed." Doc. No. 83 at 34. Plaintiff claims violation of the Fifth Amendment rights because "Defendant oversaw the kidnap of Plaintiff without an [sic] valid and executed

warrant." Doc. No. 83 at 34. Plaintiff alleges violation of his Eighth Amendment rights based on his kidnapping and transportation to the Orange County Jail without probable cause and being "remained" in custody without the State mandated documentation. Doc. No. 83 at 35. Plaintiff alleges a violation of his Thirteenth Amendment rights based on his kidnapping and transportation to Orange County jail, remaining in custody without the state mandated documentation, and being transported to Miami Dade County without the "State mandated documentation." Doc. No. 83 at 35. Plaintiff alleges violation of his Fourteenth Amendment rights because he was deprived of seeing an arrest warrant, he was kidnapped from a hotel restroom, and being denied his liberties. Doc. No. 83 at 36. Plaintiff alleges an abuse of process because of the acts committed. Doc. No. 83 at 36. Finally, Plaintiff alleges a violation of 18 U.S.C. § 242. Doc. No. 83 at 36.

On December 28, 2018, Riley filed a motion to dismiss the Amended Complaint with prejudice (the "Motion"). Doc. No. 94. Riley also adopted the arguments raised in both Defendant Miami-Dade County's motion to dismiss the Amended Complaint and Defendant Zamora's motion to dismiss. Doc. No. 94 at 2 (citing Doc. Nos. 91 and 92). Riley argues that Plaintiff has failed to make any allegations against her individually. Instead, his allegations relate to her in her official capacity as Director of the Orange County Jail. Doc. No. 94 at 4. Riley then argues that this is actually a suit against Orange County, and that it is subject to dismissal because it fails to state a cause of action against Orange County. Doc. No. 94 at 5. Riley argues that Plaintiff's claims should be dismissed with prejudice. Doc. No. 94 at 5-8. On January 10, 2019, Plaintiff filed a response (the "Response'") to the Motion. Doc. No. 101. In his Response, Plaintiff simply recites the legal elements and standards to state a claim and addresses 42 U.S.C. § 1985 and 1986. Doc. No. 101. Plaintiff makes no substantive arguments.

Doc. No. 101.

## II.     STANDARD OF REVIEW.

"When considering a motion to dismiss for failure to state a claim, a court must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiff." *Murphy v. F.D.I.C.*, 208 F.3d 959, 962 (11th Cir. 2000) (citing *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Specifically, the factual allegations, accepted as true, must "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). This cannot be achieved through mere legal conclusions or recitation of the elements of a claim. *Id.* (citing *Twombly*, 550 U.S. at 555). Instead, to state a plausible claim for relief, the plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Neither "labels and conclusions," nor "a formulaic recitation of the elements of a cause of action" will satisfy the pleading requirements. *Fox v. Florida*, 6:17-cv-192, 2017 U.S. Dist. LEXIS 88172, at *6 (M.D. Fla. May 23, 2017) (citing *Ashcroft*, 556 U.S. at 678). If the plaintiff fails to meet this pleading standard, then the complaint will be subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

---

[1] The fact that Plaintiff is proceeding *pro se* does not materially alter the Court's standard of review. "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (citation omitted). In

A pro se plaintiff must be given at least one chance to amend a complaint before the Court dismisses the action with prejudice. *Cummings v. Cameron*, 2018 U.S. Dist. LEXIS 186050, at *4 (M.D. Fla. Oct. 31, 2018) (citing *Carter v. HSBC Mortg. Servs., Inc.*, 622 F. App'x 783, 786 (11th Cir. 2015)); *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."). Where a plaintiff has been given an opportunity to replead his complaint but fails to correct the noted deficiencies and still fails to state a claim, dismissal with prejudice is appropriate. *Cummings*, 2018 U.S. Dist. LEXIS 186050, at *4-5.

## III. <u>ANALYSIS.</u>

Essentially, Plaintiff believes every party involved in his apprehension, processing, and detention on an outstanding warrant in a pending criminal case in Miami-Dade County, which he alternatively alleges was either invalid or not made available to him upon request, was part of a conspiracy to deprive him of his constitutional rights because he is African-American. Doc. No. 83. Plaintiff alleges this conspiracy and abuse of process extends to Riley in her individual and official capacity and resulted in a violation of his constitutional rights. Doc. No. 83 at 32-36.

### A. <u>Conspiracy and Abuse of Process</u>

To the extent Plaintiff has reasserted the same causes of action for conspiracy pursuant to 42 U.S.C. §§ 1985 and 1986 and abuse of process, Plaintiff fails to state a cause of action for conspiracy and for abuse of process. *See Marsh v. Fla. Dep't of Children & Family Servs.*, 2:06-cv-347, 2009 U.S. Dist. LEXIS 77435, at *12 (M.D. Fla. Aug. 13, 2009) (dismissing an amended

---

this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

complaint, "comprised mostly of multiplicative legal conclusions" which failed to make "a particularized showing" of any conspiracy, by providing any "supportive operative facts" and observing that the "Court cannot help but view Plaintiff's claims with skepticism when he perceives almost every interaction he has with any FCCC staff member as being a constitutional violation and having a discriminatory animus or stemming from a retaliatory or conspiratorial plot."). Plaintiff has failed to correct any of the deficiencies identified in the District Court's earlier Order adopting this Court's Report and Recommendation. Doc. No. 82.

42 U.S.C. § 1985 authorizes a cause of action against persons who conspire to interfere with civil rights. The elements of a cause of action under § 1985 are: "(1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws . . .; and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured . . . or deprived of any right or privilege of a citizen of the United States." *Trawinski v. United Techs.*, 313 F.3d 1295, 1299 (11th Cir. 2002). Plaintiff must demonstrate: "(1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus (lay) behind the conspirators' action, and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official encroachment." (Internal citations omitted). *Thames v. City of Pensacola*, No. 3:03-cv-586, 2005 U.S. Dist. LEXIS 23120, at *31-32 (N.D. Fla. Aug. 1, 2005) (quoting *Bray v. Alexandria Clinic*, 506 U.S. 263, 267-68 (1993)).

"A conspiracy is not 'for the purpose' of denying equal protection simply because it has an effect upon a protected right. The right must be '*aimed at*,' . . . ; its impairment must be a conscious objective of the enterprise." (Internal citation omitted). *Bray*, 506 U.S. at 275 (quoting *United Bhd. of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825, 833 (1983)). The "'intent to deprive of a right' requirement demands that the defendant do more than merely be aware of a

deprivation of right that he causes, or more than merely accept it; <u>he must act at least in part for the very purpose of producing it.</u>"  *Bray*, 506 U.S. at 276.  To the extent private actors are implicated, a plaintiff must show that the "conspiracy targeted 'rights constitutionally protected against private impairment.'"  *Shaikh v. Reziqa*, No. 6:17-cv-367, 2017 U.S. Dist. LEXIS 206251, at *7 (M.D. Fla. Dec. 15, 2017) (quoting *Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304, 1312 (11th Cir. 2010)).  The only rights that satisfy this are "the right to interstate travel and the right against involuntary servitude."  *Id.* at 7.

To sufficiently allege a conspiracy, a plaintiff must allege the defendants "reached an understanding or agreement."  *Freyre v. Hillsborough Cty. Sheriff's Office*, No. 8:13-cv-2873, 2014 U.S. Dist. LEXIS 66348, at *18 (M.D. Fla. May 13, 2014).  In order to satisfy this requirement, a plaintiff need not produce a smoking gun but the allegations "must contain some evidence of an agreement among the defendants" including "'particularized allegations' supporting the existence of such an agreement."  *Freyre*, 2014 U.S. Dist. LEXIS 66348, at *18 (citing *Albra v. City of Ft. Lauderdale*, 232 F. App'x 885, 891 (11th Cir. 2007) and *Rowe v. City of Ft. Lauderdale*, 279 F.3d 1271, 1283-84 (11th Cir. 2002)).

"Abuse of process involves the use of criminal or civil legal process against another primarily to accomplish a purpose for which it was not designed."  *Bothmann v. Harrington*, 458 So. 2d 1163, 1169 (Fla. 3d DCA 1984).  To state a claim for abuse of process, Plaintiff must allege "(1) the defendant made an illegal, improper, or perverted use of process; (2) the defendant had an ulterior motive or purpose in exercising the illegal, improper, or perverted process; and (3) the plaintiff was injured as a result of defendant's action."  *Hardick v. Homol*, 795 So. 2d 1107, 1111 n.2 (Fla. 5th DCA 2001).  However, there is "no abuse of process . . . when the process is used to

accomplish the result for which it was created, regardless of an incidental or concurrent motive of spite or ulterior purpose." *Bothmann*, 458 So. 2d at 1169.

Plaintiff was previously advised that his Complaint failed to state a cause of action against Riley for conspiracy and abuse of process. Doc. No. 73. Plaintiff was advised that he needed to plead facts that demonstrate both an actual meeting of the minds among Defendants and a discriminatory animus or motive for depriving Plaintiff of his constitutional rights. Doc. No. 73. Instead, Plaintiff has stated the same allegations against Riley in his Amended Complaint that he alleged in his original Complaint. Plaintiff has not included any additional facts that support his conspiracy claim, his abuse of process claim, or Riley's purported intention to violate his constitutional rights for discriminatory purposes or otherwise. Plaintiff has alleged no facts to suggest Riley worked in concert with any other Defendants or otherwise engaged in an abuse of process or violation of Plaintiff's constitutional rights. Further, Plaintiff has failed to allege any facts that demonstrate how Riley herself violated Plaintiff's constitutional rights. Plaintiff's attempt to bolster his allegations against Riley by adding conclusory statements that Riley conspired with Judge Bigney, Orange County, and Miami-Dade County do not cure the obvious lack of any factual support for these allegations. Neither "labels and conclusions," nor "a formulaic recitation of the elements of a cause of action" will satisfy the pending requirements. *Fox*, 2017 U.S. Dist. LEXIS 88172, at *6 (citing *Ashcroft*, 556 U.S. at 678). Further, Plaintiff cannot state a claim for conspiracy between Riley and her employer, Orange County. *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000) ("a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves"); *Freyre*, 2014 U.S. Dist. LEXIS 66348, at *22.

Finally, because Plaintiff fails to state a cause of action for conspiracy, Plaintiff also fails to state a cause of action under 42 U.S.C. § 1986. Section 1986 is derivative action of a section 1985 cause of action, the former cannot be established without the latter. *Park v. City of Atlanta*, 120 F.3d 1157, 1159-60 (11th Cir. 1997). Section 1986 provides a cause of action against anyone who has "knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses so to do." *Id.* at 1159.

B. <u>Plaintiff's Other Constitutional and Statutory Claims</u>

Plaintiff again includes separate counts for violation of his Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendment rights. Doc. No. 83. Plaintiff bases each of these claims on the same facts that support his conspiracy and abuse of process claims, and alleges that either his arrest in Orange County, his detention at the Orange County jail, or his transportation to Miami-Dade County resulted in multiple constitutional violations. Doc. No. 83. Essentially, Plaintiff alleges he was improperly detained in the Orange County Jail without proper documentation. Doc. No. 83. However, Plaintiff also attaches an exhibit to his Amended Complaint which reflects the Orange County Jail confirmed the proper documentation had been provided and advised Plaintiff's mother of that fact. Doc. No. 83-2. Plaintiff makes similar allegations against Orange County separately, as Plaintiff has also named Orange County as a Defendant in his Amended Complaint and is suing it "as a municipality." Doc. No. 83 at 2, 12-17. Plaintiff's allegations against Orange County include acts that took place up to and including his booking into the Orange County Jail. Doc. No. 83 at 12-17.

Plaintiff fails to state a cause of action under the Fifth Amendment because Riley, either in her individual or official capacity, is not a federal actor. The Fifth Amendment restrains the federal

government from depriving any person of life, liberty, or property without due process of law. *Brown v. Correa*, No. 8:13-cv-49, 2013 U.S. Dist. LEXIS 137642, at *19 (M.D. Fla. Sept. 25, 2013) (citing *Buxton v. City of Plant City, Fla.*, 871 F.2d 1037, 1041 (11th Cir. 1989)).  Plaintiff fails to state a cause of action under the Eighth Amendment because he is a pretrial detainee, not a convicted prisoner. *Whitley v. Albers*, 475 U.S. 312, 318 (1986); *Ingraham v. Wright*, 430 U.S. 651, 671-72 n. 40 (1977).  Plaintiff cannot state an independent claim under the Thirteenth Amendment.[2]  The Thirteenth Amendment protects against involuntary servitude and slavery. U.S. Const. amend XIII § 1.  "[C]ourts throughout the country have held that there is no private right of action under the Thirteenth Amendment." *Fox*, 2017 U.S. Dist. LEXIS 88172, at *7.  Plaintiff cannot state a cause of action pursuant to 18 U.S.C. § 242 as it is a criminal statute without a concomitant private right of action.  *Cuyler v. Scriven*, No. 6:11-cv-87, 2011 U.S. Dist. LEXIS 24091, at *10-11 (M.D, Fla. Mar. 9, 2011) (citing several cases for the proposition that dismissal of a private claim under 18 U.S.C. § 242 is appropriate because a private plaintiff has no authority to initiate a federal criminal prosecution).

To the extent Plaintiff attempts to allege violations of the Fourth and Fourteenth Amendment against Riley individually, Plaintiff fails because he has alleged no actions by Riley individually. Doc. No. 83. Instead, Plaintiff's allegations relate to Riley's role with the Orange County Jail. Doc. No. 83-2.  Plaintiff alleges he was processed without proper paperwork, that his family reached out to Riley, and that the Deputy Chief responded to those concerns on Riley's

---

[2] Plaintiff could state a cause of action for violation of the Thirteenth Amendment as part of a conspiracy claim under § 1985. *Lake Lucerne Civic Ass'n v. Dolphin Stadium Corp.*, 801 F. Supp. 684, 701 (S.D. Fla. 1992).  However, as discussed *supra*, Plaintiff fails to state a cause of action for conspiracy.  Further, a claim of violation of the Thirteenth Amendment requires a plaintiff to allege that he was forced to perform labor involuntarily, Plaintiff has not done so. *See, e.g., Arnold v. Bd. of Educ.*, 880 F.2d 305, 315 (11th Cir. 1989), *abrogation on other grounds recognized by Seann v. S. Health Partners, Inc.*, 388 F.3d 834, 837 (11th Cir. 2004), *overruling on other grounds recognized by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010); *see also Greenberg v. Zingale*, 138 F. App'x 197, 200 (11th Cir. 2005).

behalf and confirmed that the proper paperwork had been received and advised that Plaintiff was no longer detained in the Orange County Jail.  Doc. No. 83-2.  Thus, Plaintiff's allegations against Riley arise out of her official capacity, which is essentially a claim against Orange County. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991).  As such, those claims would be more properly stated against Orange County, and not against Riley. *Id.*  However, even if the allegations and claims are considered to be against Orange County alone, they still must fail.

The Fourth Amendment provides that the right of people to be secure against unreasonable searches and seizures shall not be violated.  U.S. Const. amend. IV.   A Fourth Amendment claim is generally based on a warrantless arrest, but may also be predicated on a deprivation of liberty after legal process has commenced.  *See Manuel v. City of Joliet*, 137 S. Ct. 911, 918-20 (2017).  A Fourth Amendment claim contemplates an arrest with an absence of probable cause.  *Id.* at 918.  Where an arrest allegedly violates state law, that arrest does not give rise to a Fourth Amendment violation.  *Swartzel v. Sheriff of Columbia Cty.*, 3:17-cv-224, 2017 U.S. Dist. LEXIS 181856, at *5 (M.D. Fla. Oct. 17, 2017) adopted by, in part, rejected by, in part, dismissed by, in part, remanded by *Swartzel v. Hunter*, 2017 U.S. Dist. LEXIS 181015 (M.D. Fla. Nov. 1, 2017) (citing *Virginia v. Moore*, 553 U.S. 164, 166 (2008) and *Knight v. Jacobson*, 300 F.3d 1272, 1276 (11th Cir. 2002)).  The Fourteenth Amendment restrains states from denying any person within their jurisdiction the equal protection of the laws.  U.S. Const. amend XIV § 1; *Buxton v. Plant City*, 871 F.2d 1037, 1041 (11th Cir. 1989).

"The Supreme Court has placed strict limitations on municipal liability" under § 1983 and such liability may not be based on the doctrine of respondeat superior.[3]  *Grech v. Clayton Cty.,*

---

[3] Plaintiff does not expressly state a cause of action under § 1983, but he includes a reference to the statute in his Amended Complaint.  Doc. No. 83.  Mere reference to a law is insufficient and the "Court has no obligation to hypothesize a federal claim," even considering Plaintiff's *pro se* status.  *Chinnici v. Warner*, No. 8:14-cv-1357, 2014 U.S. Dist. LEXIS 78922, at *2-4 (M.D. Fla. June 10, 2014).

*Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 694 (1978)). "Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." *Creedle v. Miami-Dade Cty.*, 349 F. Supp. 3d 1276, 1308 (S.D. Fla. 2018) (quoting *Connick v. Thompson*, 563 U.S. 51, 60-61 (2011); *Monell*, 436 U.S. at 691, 694. In order to allege a *Monell* policy or practice claim, a plaintiff has to plead factual content that allows the court to reasonably infer that the county maintained a policy, custom, or practice that contributed to the alleged constitutional violation." *Id.* Plaintiff does not plead a § 1983 claim *per se*. However, to the extent that Plaintiff's Amended Complaint can be read to state a claim under § 1983, that claim must fail.

With respect to his allegations against Riley in her official capacity, Plaintiff alleges that his detention in Orange County Jail after his bond hearing violated his Fourth and Fourteenth Amendment rights. Doc. No. 83 at 32-37. Plaintiff alleges he made Riley aware he was being illegally detained after his bond hearing and that he was then illegally transferred to the Miami-Dade County jail. Doc. No. 83 at 9-11, 32-37. Neither of these allegations in any way addresses a policy or practice of Orange County. Further, Plaintiff's underlying claim is that the warrant issued in Miami-Dade County that was used to arrest him was invalid or not shown to him, not that there was a pattern, policy or practice in Orange County that violated his constitutional rights with respect to his continued detention in the Orange County Jail. Doc. No. 83. Plaintiff alleges that he was detained in the Orange County Jail without proper documentation, but Plaintiff also includes an email from the Deputy Chief of the Orange County Jail as an exhibit which reflects that the existence of proper documentation was confirmed by officials at the jail. Doc. No. 83-2. Plaintiff's conclusory allegations fail to demonstrate that Orange County violated his constitutional

rights when he remained in the Orange County Jail after his bond hearing.  Doc. No. 83 at 9-11, 32-37.  Thus, to the extent Plaintiff seeks to state a claim against Riley in her official capacity pursuant to section 1983 and the Fourth and Fourteenth Amendments related to his continued detention in the Orange County Jail after his bond hearing, his claim fails.

Based on the foregoing, the Court finds that dismissal with prejudice is appropriate as to each of the counts against Cornita Riley in her individual and official capacities for failure to state a claim.

### V. CONCLUSION.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 94) be **GRANTED** and Plaintiff's Amended Complaint be **DISMISSED with prejudice** as to Riley.

**A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.**

Recommended in Orlando, Florida, on April 29, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Parties