# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DIMITRI PATTERSON,**

    **Plaintiff,**

**v.**                                  **Case No:  6:18-cv-950-Orl-41GJK**

**ORANGE COUNTY, MIAMI-DADE
COUNTY, HILTON
WORLDWIDE HOLDINGS, INC.,
CORNITA RILEY, JEANETTE
BIGNEY, ALFREDO ZAMORA,
and OSCAR RODRIGUEZ-FONTS,**

    **Defendants.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT, ORANGE COUNTY, FLORIDA'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** (Doc. No. 108) |
| **FILED:** | **January 22, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part.**

## I.    BACKGROUND.

On June 18, 2018, Plaintiff filed a Complaint that, read liberally, alleges that he was the victim of an illegal arrest based on an invalid warrant. Doc. No. 1 at 3-12. The invalid arrest occurred in Orange County, Florida and was executed by U.S. Marshals and "Orlando-Orange County" law enforcement. Doc. No. 1 at 3-12. Plaintiff alleges that his illegal detention continued through a bond hearing before Judge Jeanette Bigney in Orange County, his detention in Orange

County Jail, his transfer to Turner Guilford Knight Correctional Facility ("TGK") in Miami-Dade County, and an appearance before Judge Oscar Rodriguez-Fonts in Miami-Dade County, based on an "abandoned" criminal case in Miami-Dade County, F-17-16392.  Doc. No. 1 at 3-12.  Plaintiff alleges all the Defendants conspired with one another to effect this illegal arrest and detention because he is African-American and African-Americans have been subject to systemic violations of their rights through wrongful arrests.  Doc. No. 1.   Plaintiff alleged that Defendant Orlando-Orange County violated his Fourth, Fifth, Eighth, Thirteenth and Fourteenth Amendment rights, violated 42 U.S.C. §§ 1985 and 1986, and engaged in an abuse of process.  Doc. No. 1 at 12-14.

On July 19, 2018, the City of Orlando filed a Motion to Dismiss the original Complaint in this case with prejudice and alternatively to quash service of process.  Doc. No. 35.  The City of Orlando argued that it was served, but that the allegations of the Complaint were directed to "Orlando-Orange County" which is a non-existent entity.  Doc. No. 35.  On November 5, 2018, this Court issued a Report and Recommendation recommending that service on the City of Orlando be quashed and Plaintiff be permitted to serve the City properly and also dismissing the Complaint against the City of Orlando for failure to state a claim.  Doc. No. 73 at 16, 19.  The Report and Recommendation found:

> With respect to the allegations raised in the Complaint, *i.e.*, that two state court judges, Plaintiff's own counsel, the parent company of a hotel through an employee, Miami-Dade County, and various law enforcement and corrections officers and agencies, both state and federal, conspired to arrest and detain Plaintiff in violation of his constitutional rights, the Complaint fails to state a claim for conspiracy, violation of Plaintiff's constitutional rights, and abuse of process, as the allegations fail to allege facts that demonstrate a meeting of the minds, fail to provide any factual basis to demonstrate discriminatory animus or motive, and fail to provide facts to support an abuse of process or violation of Plaintiff's constitutional rights.  In fact, Plaintiff's allegations are in essence nothing more than a minimal recitation of the elements of various causes of action stated in a conclusory fashion which fail to satisfy

the requirement that Plaintiff provide a short plain statement of the claim showing the pleader is entitled to relief. *Twombly*, 550 U.S. at 555.

. . .

Plaintiff's only allegation related to discriminatory animus is a conclusory statement that his factual allegations show a "pattern of practice that systematically violates the Plaintiff's and African Americans' rights, who have historically been victims of excessive force and wrongful arrests by law enforcement officers . . . . Plaintiff then incorporates that statement into his counts against each defendant and states that "Because of the acts committed . . . the Defendant caused or permitted the violation of the Plaintiff's Constitutional Rights, thereby entitling the Plaintiff to recover damages pursuant to 28 U.S.C. § 1343, 42 U.S.C. § 1985(3)." Doc. No. 1 at ¶¶ 54, 70, 88, 96, 112, 128, 136,   These *de minimus* conclusory statements in no way establish or suggest the type of invidious discriminatory animus contemplated by the courts. *Bray*, 506 U.S. at 270; *Artubel v. Colonial Bank Group, Inc.*, 2008 U.S. Dist. LEXIS 60781, at *54 (M.D. Fla. Aug. 8, 2008) (finding a vague assertion of racial motivation was insufficient to state a claim).

Further, Plaintiff offers no factual allegations regarding a conspiracy amongst these actors or otherwise suggests factually how they conferred and acted in concert to actively deprive him of his constitutional rights. Thus, this claim is subject to dismissal as to all defendants. *Freyre*, 2014 U.S. Dist. LEXIS 66348, at *18.

Doc. No. 73 at 11, 13-14 (footnote omitted). The Court made similar findings related to Plaintiff's abuse of process claim. Doc. No. 73 at 14-15 ("Plaintiff has failed to provide any allegations that a defendant as actor misused this process initially or that there was an ulterior motive for doing so, other than stating an abuse of process occurred.")

On November 29, 2018, the District Court issued an Order adopting the Report and Recommendation, dismissing the Complaint with prejudice as to Judges Rodriguez-Fonts and Bigney, dismissing the Complaint without prejudice as to the remaining Defendants and permitting Plaintiff to file an Amended Complaint. Doc. No. 82.

On December 14, 2018, Plaintiff filed an Amended Complaint. Doc. No. 83. Plaintiff did

not serve the Amended Complaint on the City of Orlando, but instead served it on Defendant Orange County.  Doc. No. 108 at 2 n. 1.  With respect to the factual allegations against Orange County, the Amended Complaint is identical to Plaintiff's original Complaint against Orlando-Orange County except that in certain paragraphs the Defendant is identified as Orange County instead of "Orlando-Orange County."  *Compare* Doc. Nos. 1 at 2, 4-8, and 83 at 2, 4-9.

Based on these factual allegations, Plaintiff alleges that Orange County violated 42 U.S.C. §§ 1985 and 1986, Plaintiff's Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendment rights, engaged in an abuse of process, and violated 18 U.S.C. § 242.  Doc. No. 83 at 32-37.  Plaintiff also adds a paragraph that mentions 42 U.S.C. § 1983, but Plaintiff does not allege a cause of action based on section 1983, nor does he incorporate that paragraph into any of his counts.  Doc. No. 83 at 3.

 Plaintiff alleges that on November 23, 2016, seven police officers from the "Orlando-Orange County Sheriff's Department" appeared at his mother's home with the "intent to violently act on purported warrant information entered in the Florida Department of Law Enforcement Database."  Doc. No. 83 at 4.  Plaintiff alleges that his brother was handcuffed for no reason, officers refused to show a warrant, but then left after family members complained.  Doc. No. 83 at 4-5.  Plaintiff alleges that officers from Orange County's Sheriff's Office were staking out his mother's home "with the intent to stalk and harass" Plaintiff.  Doc. No. 83 at 5.  Plaintiff alleges his brother and other family members were  harassed by law enforcement from 2016 to 2018 with respect to Plaintiff's whereabouts.  Doc. No. 83 at 4-6.  Plaintiff also alleges that after he was arrested at the Waldorf-Astoria, he was transported in an Orange County Sheriff's Department vehicle to the Orange County jail.  Doc. No. 83 at 8-9.

Based on these factual allegations, Plaintiff alleges that Orange County conspired with

Hilton, Judge Rodriguez-Fonts, and Judge Bigney to kidnap Plaintiff, to intimidate and threaten Plaintiff with a "purported and invalid" arrest warrant, and to illegally detain Plaintiff.  Doc. No. 83 at 13.  Plaintiff alleges his Fourth Amendment rights were violated when police officers arrived at his mother's home without a valid warrant in an attempt to illegally arrest Plaintiff.  Doc. No. 83 at 13. Plaintiff alleges that law enforcement's harassment and stalking of Plaintiff's family violated his Fourth Amendment rights.  Doc. No. 83 at 14.  Plaintiff alleges his Fifth Amendment rights were violated when he was kidnapped without a valid and executed warrant, and when his family was harassed in an "attempt" to violate Plaintiff's Fifth Amendment rights.  Doc. No. 83 at 14.  Plaintiff alleges his Eighth Amendment rights were violated when law enforcement kidnapped him and transported him to the Orange County Jail without probable cause and then retained him in custody without the "State mandated documentation."  Doc. No. 83 at 15.  Plaintiff alleges his Thirteenth Amendment rights were violated when law enforcement kidnapped him and transported him to the Orange County Jail without probable cause and then retained him in custody without the "State mandated documentation."   Doc. No. 83 at 15.   Plaintiff alleges his Fourteenth Amendment rights were violated when he was deprived of seeing an arrest warrant for his illegal arrest, when he was kidnapped, and when he was denied his liberties.  Doc. No. 83 at 15-16. Plaintiff alleges Orange County violated 42 U.S.C. § 1986 because Orange County was asked to prevent or intervene yet willfully neglected to do so.  Doc. No. 83 at 16.  Plaintiff alleges Orange County engaged in an abuse or process "because of the acts committed in paragraphs 16-27 and 35-37."  Doc. No. 83 at 17.  Finally, Plaintiff alleges a violation of 18 U.S.C. § 242 because Orange County "willfully subjected Plaintiff to deprivation of his rights."  Doc. No. 83 at 17.

On January 22, 2019, Orange County filed a motion to dismiss the Amended Complaint (the "Motion").  Doc. No. 108.  Orange County argues that allegations against the Sheriff's office

cannot state a claim against Orange County because a claim cannot be asserted against a sheriff's department, and the sheriff's department and Orange County are separate entities.  Doc. No. 108 at 5.  Orange County argues that Plaintiff fails to state a claim for conspiracy and neglect to commit conspiracy.  Doc. No. 108 at 6-7.  Orange County argues that Plaintiff fails to state a claim for any constitutional violations because Plaintiff has not pled how Orange County was involved in his "kidnapping."  Doc. No. 108 at 7.

Orange County also argues that Plaintiff's Eighth Amendment claim must fail because he was not convicted of anything when he was detained at the Orange County Jail.  Doc. No. 108 at 7.  Orange County argues that to the extent any facts have been alleged against it with respect to Plaintiff's detention at the jail, or otherwise, Plaintiff fails to state a constitutional violation against it because Plaintiff identifies no policy or custom that caused a deprivation of Plaintiff's constitutional rights.  Doc. No. 108 at 7.  Orange County argues that Plaintiff fails to state a claim under the Thirteenth Amendment.  Doc. No. 108 at 8.  Orange County argues Plaintiff fails to state an abuse of process claim because Plaintiff failed to comply with Florida Statutes § 768.28(6)(a), which is a mandatory prerequisite to suit, and otherwise fails to state a claim.  Doc. No. 108 at 8-9. Finally, Orange County argues that Plaintiff fails to state a claim under 18 U.S.C. § 242 because no private cause of action exists.  Doc. No. 108 at 9.  Orange County seeks dismissal with prejudice.  Doc. No. 108 at 10.

Plaintiff filed a response on February 8, 2019.  Doc. No. 111.  Plaintiff argues Orange County is not immune from suit.  Doc. No. 111 at 4.

## II.    <u>STANDARD OF REVIEW.</u>

"When considering a motion to dismiss for failure to state a claim, a court must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiff." *Murphy v. F.D.I.C.*, 208 F.3d 959, 962 (11th Cir. 2000) (citing *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999)).   A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   Specifically, the factual allegations, accepted as true, must "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570).   This cannot be achieved through mere legal conclusions or recitation of the elements of a claim. *Id*. (citing *Twombly*, 550 U.S. at 555). Instead, to state a plausible claim for relief, the plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).   Neither "labels and conclusions," nor "a formulaic recitation of the elements of a cause of action" will satisfy the pleading requirements. *Fox v. Florida*, 6:17-cv-192, 2017 U.S. Dist. LEXIS 88172, at *6 (M.D. Fla. May 23, 2017) (citing *Ashcroft*, 556 U.S. at 678).   If the plaintiff fails to meet this pleading standard, then the complaint will be subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

---

[1] The fact that Plaintiff is proceeding *pro se* does not materially alter the Court's standard of review. "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (citation omitted). In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

A pro se plaintiff must be given at least one chance to amend a complaint before the Court dismisses the action with prejudice. *Cummings v. Cameron*, 6:17-cv-1897, 2018 U.S. Dist. LEXIS 186050, at *4 (M.D. Fla. Oct. 31, 2018) (citing *Carter v. HSBC Mortg. Servs., Inc.*, 622 F. App'x 783, 786 (11th Cir. 2015)); *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."). Where a plaintiff has been given an opportunity to replead his complaint but fails to correct the noted deficiencies and still fails to state a claim, dismissal with prejudice is appropriate. *Cummings*, 2018 U.S. Dist. LEXIS 186050, at *4-5.

## III. <u>ANALYSIS.</u>

Essentially, Plaintiff believes every party involved in his apprehension, processing, and detention on an outstanding warrant in a pending criminal case in Miami-Dade County, which he alternatively alleges was either invalid or not made available to him upon request, was part of a conspiracy to deprive him of his constitutional rights because he is African-American. Doc. No. 83. Plaintiff alleges this conspiracy and abuse of process extends to Orange County and resulted in the violation of his constitutional rights. Doc. No. 83 at 13-18.

### A.  <u>Conspiracy and Abuse of Process</u>

To the extent Plaintiff has asserted causes of action for conspiracy pursuant to 42 U.S.C. §§ 1985 and 1986 and abuse of process, Plaintiff fails to state a cause of action. *See Marsh v. Fla. Dep't of Children & Family Servs.*, 2:06-cv-347, 2009 U.S. Dist. LEXIS 77435, at *12 (M.D. Fla. Aug. 13, 2009) (dismissing an amended complaint, "comprised mostly of multiplicative legal conclusions" which failed to make "a particularized showing" of any conspiracy, by providing any "supportive operative facts" and observing that the "Court cannot help but view Plaintiff's claims

with skepticism when he perceives almost every interaction he has with any FCCC staff member as being a constitutional violation and having a discriminatory animus or stemming from a retaliatory or conspiratorial plot.").  Plaintiff has failed to correct any of the deficiencies identified in the District Court's earlier Order adopting this Court's Report and Recommendation in stating a claim against Orange County.  Doc. No. 82.

42 U.S.C. § 1985 authorizes a cause of action against persons who conspire to interfere with civil rights.  The elements of a cause of action under § 1985 are: "(1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws . . .; and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured . . . or deprived of any right or privilege of a citizen of the United States." *Trawinski v. United Techs.*, 313 F.3d 1295, 1299 (11th Cir. 2002).  Plaintiff must demonstrate: "(1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus (lay) behind the conspirators' action, and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official encroachment." (Internal citations omitted).  *Thames v. City of Pensacola*, 2005 U.S. Dist. LEXIS 23120, at *31-32 (N.D. Fla. Aug. 1, 2005) (quoting *Bray v. Alexandria Clinic*, 506 U.S. 263, 267-68 (1993)).

"A conspiracy is not 'for the purpose' of denying equal protection simply because it has an effect upon a protected right.  The right must be 'aimed at,' . . . ; its impairment must be a conscious objective of the enterprise." (Internal citation omitted).  *Bray*, 506 U.S. at 275 (quoting *United Bhd. of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825, 833 (1983)).  The "'intent to deprive of a right' requirement demands that the defendant do more than merely be aware of a deprivation of right that he causes, or more than merely accept it; <u>he must act at least in part for the very purpose of producing it.</u>"  *Bray*, 506 U.S. at 276.  To the extent private actors are

implicated, a plaintiff must show that the "conspiracy targeted 'rights constitutionally protected against private impairment.'"  *Shaikh v. Reziqa*, 2017 U.S. Dist. LEXIS 206251, at *7 (M.D. Fla. Dec. 15, 2017) (quoting *Jimenez v. Wellstar Health Sys.*, 596 F.3d 1304, 1312 (11th Cir. 2010)). The only rights that satisfy this are "the right to interstate travel and the right against involuntary servitude."  *Id.* at 7.

To sufficiently allege a conspiracy, a plaintiff must allege the defendants "reached an understanding or agreement."  *Freyre v. Hillsborough Cty. Sheriff's Office*, 2014 U.S. Dist. LEXIS 66348, at *18 (M.D. Fla. May 13, 2014).  In order to satisfy this requirement, a plaintiff need not produce a smoking gun but the allegations "must contain some evidence of an agreement among the defendants" including "'particularized allegations' supporting the existence of such an agreement."  *Freyre*, 2014 U.S. Dist. LEXIS 66348, at *18 (citing *Albra v. City of Ft. Lauderdale*, 232 F. App'x 885, 891 (11th Cir. 2007) and *Rowe v. City of Ft. Lauderdale*, 279 F.3d 1271, 1283-84 (11th Cir. 2002)).

"Abuse of process involves the use of criminal or civil legal process against another primarily to accomplish a purpose for which it was not designed." *Bothmann v. Harrington*, 458 So. 2d 1163, 1169 (Fla. 3d DCA 1984).  To state a claim for abuse of process, Plaintiff must allege "(1) the defendant made an illegal, improper, or perverted use of process; (2) the defendant had an ulterior motive or purpose in exercising the illegal, improper, or perverted process; and (3) the plaintiff was injured as a result of defendant's action." *Hardick v. Homol*, 795 So. 2d 1107, 1111 n.2 (Fla. 5th DCA 2001).  However, there is "no abuse of process . . . when the process is used to accomplish the result for which it was created, regardless of an incidental or concurrent motive of spite or ulterior purpose." *Bothmann*, 458 So. 2d at 1169.

Plaintiff was previously advised that his Complaint failed to state a cause of action against all Defendants for conspiracy and abuse of process.  Doc. No. 73.  Plaintiff was advised that he needed to plead facts that demonstrate both an actual meeting of the minds among Defendants and a discriminatory animus or motive for depriving Plaintiff of his constitutional rights.  Doc. No. 73. Instead, Plaintiff has restated the same allegations against Orange County in his Amended Complaint that he alleged in his original Complaint against "Orlando-Orange County."  Plaintiff has not included any additional facts that support his conspiracy claim, his abuse of process claim, or Orange County's purported intention to violate his constitutional rights for discriminatory purposes or otherwise.[2]  Plaintiff has alleged no facts to suggest Orange County worked in concert with any other Defendants or otherwise engaged in an abuse of process or violation of Plaintiff's constitutional rights.  Plaintiff's attempts to bolster his allegations against Orange County by adding conclusory statements that Orange County conspired with Hilton, Judge Bigney, and Judge Rodriguez-Fonts do not cure the obvious lack of any factual support for these allegations.  Neither "labels and conclusions," nor "a formulaic recitation of the elements of a cause of action" will satisfy the pending requirements.  *Fox*, 2017 U.S. Dist. LEXIS 88172, at *6 (citing *Ashcroft*, 556 U.S. at 678).

Finally, because Plaintiff fails to state a cause of action for conspiracy, Plaintiff also fails to state a cause of action under 42 U.S.C. § 1986.  Section 1986 is derivative action of a section 1985 cause of action, the former cannot be established without the latter.  *Park v. City of Atlanta*, 120 F.3d 1157, 1159-60 (11th Cir. 1997).  Section 1986 provides a cause of action against anyone

---

[2] Additionally, Plaintiff fails to allege he provided the requisite notice to maintain an abuse of process claim against Orange County or that he satisfied all conditions precedent prior to filing suit.  *See* Fla. Stat. § 768.28(6)(a); *Woodburn v. Fla. Dep't of Children & Family Servs.*, 854 F. Supp. 2d 1184, 1207-08 (S.D. Fla. 2011) ("Under Florida law, 'not only must the notice be given before a suit may be maintained, but also the complaint must contain an allegation of notice.'") (quoting *Levine v. Dade Cty. Sch. Bd.*, 442 So. 2d 210, 213 (Fla. 1983)).

who has "knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses so to do." *Id.* at 1159.

        B.      <u>Plaintiff's Other Constitutional and Statutory Claims</u>

Plaintiff alleges separate counts for violations of his Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendment rights. Doc. No. 83. Plaintiff bases each of these claims on the same facts that support his conspiracy and abuse of process claims, and alleges that either law enforcement's "harassment" of his family, his arrest at the Waldorf-Astoria, or his detention at the Orange County jail resulted in multiple constitutional violations. Doc. No. 83. With respect to Orange County specifically, Plaintiff alleges only that he was improperly detained in the Orange County Jail without proper documentation. Doc. No. 83. However, Plaintiff also attaches an exhibit to his Amended Complaint which reflects the Orange County Jail confirmed the proper documentation had been provided and advised Plaintiff's mother of that fact. Doc. No. 83-2.

Plaintiff fails to state a cause of action under the Eighth Amendment because he is a pretrial detainee, not a convicted prisoner. *Whitley v. Albers*, 475 U.S. 312, 318 (1986); *Ingraham v. Wright*, 430 U.S. 651, 671-72 n. 40 (1977). Plaintiff cannot state an independent claim under the Thirteenth Amendment.[3] The Thirteenth Amendment protects against involuntary servitude and slavery. U.S. Const. amend XIII § 1. "[C]ourts throughout the country have held that there is no private right of action under the Thirteenth Amendment." *Fox*, 2017 U.S. Dist. LEXIS 88172, at

---

[3] A plaintiff may allege a cause of action for violation of the Thirteenth Amendment as part of a conspiracy claim under § 1985. *Lake Lucerne Civic Ass'n v. Dolphin Stadium Corp.*, 801 F. Supp. 684, 701 (S.D. Fla. 1992). However, as discussed *supra*, Plaintiff fails to state a cause of action for conspiracy. Further, a claim of violation of the Thirteenth Amendment requires a plaintiff to allege that he was forced to perform labor involuntarily, Plaintiff has not done so. *See, e.g., Arnold v. Bd. of Educ.*, 880 F.2d 305, 315 (11th Cir. 1989), *abrogation on other grounds recognized by Seann v. S. Health Partners, Inc.*, 388 F.3d 834, 837 (11th Cir. 2004), *overruling on other grounds recognized by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010); *see also Greenberg v. Zingale*, 138 F. App'x 197, 200 (11th Cir. 2005).

*7.  Plaintiff cannot state a cause of action pursuant to 18 U.S.C. § 242 as it is a criminal statute without a concomitant private right of action.  *Cuyler v. Scriven*, 6:11-cv-87, 2011 U.S. Dist. LEXIS 24091, at *10-11 (M.D, Fla. Mar. 9, 2011) (citing several cases for the proposition that dismissal of a private claim under 18 U.S.C. § 242 is appropriate because a private plaintiff has no authority to initiate a federal criminal prosecution).

To the extent Plaintiff attempts to allege violations of the Fourth, Fifth, and Fourteenth Amendments against Orange County, Plaintiff fails to satisfy the requirement that he state a cause of action based on the policies or procedures of the municipality versus actions of individuals. Thus,  Plaintiff's claims against Orange County on those grounds fails.   "The Supreme Court has placed strict limitations on municipal liability . . . ."  *Grech v. Clayton Cty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 694 (1978)). "Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury."  *Creedle v. Miami-Dade Cty.*, 349 F. Supp. 3d 1276, 1308 (S.D. Fla. 2018) (quoting *Connick v. Thompson*, 563 U.S. 51, 60-61 (2011); *Monell*, 436 U.S. at 691, 694.  In order to allege a *Monell* policy or practice claim, a plaintiff has to plead factual content that allows the court to reasonably infer that the county maintained a policy, custom, or practice that contributed to the alleged constitutional violation."  *Id.*

Plaintiff alleges that actions of law enforcement officers, both state and federal, in Orange County during his arrest, and his detention in Orange County Jail after his bond hearing, violated his Fourth, Fifth and Fourteenth Amendment rights and that Orange County is liable for those violations.  Plaintiff's allegations include claims that he was deprived of seeing an arrest warrant by the arresting officers, he was "kidnapped" from a hotel, and that he was detained in the Orange County Jail without state-mandated paperwork after his bond hearing. Doc. No. 83 at 13-18.  None

of these allegations in any way addresses a policy or practice of Orange County.   Further, Plaintiff's underlying claim is that the warrant used to arrest him was invalid or not shown to him, not that there was a pattern, policy or practice in Orange County that violated his constitutional right.   Doc. No. 83.   Plaintiff's conclusory allegations fail to demonstrate that Orange County employed a policy or practice that violated Plaintiff's constitutional rights when he was arrested in Orange County and remained in the Orange County Jail after his bond hearing. *Id.*   Thus, to the extent Plaintiff seeks to state a claim against Orange County his claim fails on that basis.

Based on the foregoing, the Court finds that dismissal is appropriate as to each count against Orange County.   While Plaintiff has not been given an opportunity to amend as to this Defendant, the Court finds that any amendment would be futile with respect to his § 1985, § 1986, 18 U.S.C. § 242, abuse of process, Eighth and Thirteenth Amendment claims.   Thus, it is recommended those claims be dismissed with prejudice.   It is recommended that the remainder of Plaintiff's Amended Complaint be dismissed without prejudice and Plaintiff given leave to amend as to his remaining constitutional claims against Orange County.

## IV.   <u>CONCLUSION.</u>

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 108) be **GRANTED in part:**

1.      Plaintiff's Amended Complaint be **DISMISSED with prejudice** as to Counts I, IV, V, VII, VIII, and IX;

2.      The remainder of Plaintiff's Amended Complaint be **DISMISSED without prejudice**; and

3.      Plaintiff be given leave to file a Second Amended Complaint against Orange County on claims other than those dismissed with prejudice.

**A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.**

Recommended in Orlando, Florida, on May 8, 2019.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Parties